**WOLFF & SAMSON PC**
David Samson (DS-1603)
Gage Andretta (GA-9404)
One Boland Drive
West Orange, NJ 07052
(973) 325-1500

**PROSKAUER ROSE LLP**
Peter J.W. Sherwin, *pro hac vice*
Douglas C. Rennie, *pro hac vice*
1585 Broadway
New York, NY 10036
(212) 969-3000

*Attorneys for Plaintiffs NXIVM Corporation and First Principles, Inc.*
*And Counterclaim Defendant Nancy Salzman*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

------------------------------------X
NXIVM CORPORATION, formerly known as :
EXECUTIVE SUCCESS PROGRAMS, INC., and :
FIRST PRINCIPLES, INC.,             :
                                    :
                Plaintiffs,         :
                                    :
    against                         :   Index No.  06 CV 01051 (DMC/MF)
                                    :
MORRIS SUTTON, ROCHELLE SUTTON, THE :   **DECLARATION OF**
ROSS INSTITUTE, RICK ROSS a/k/a "RICKY" : **KRISTIN KEEFFE**
ROSS, STEPHANIE FRANCO, PAUL MARTIN, :
Ph.D., and WELLSPRING RETREAT, INC., :
                                    :
                Defendants.         :
------------------------------------X

KRISTIN KEEFFE, of full age, pursuant to 28 U.S.C. § 1746, hereby declares as follows:

1. I am an employee of Plaintiff NXIVM Corporation (hereinafter, "NXIVM"), formerly known as Executive Success Programs, Inc., a corporation existing under the laws of the State of Delaware authorized to do business in the State of New York, with its principal place of business located at 455 New Karner Road, Albany, New York 12205.

2. I am also an employee of Plaintiff First Principles, Inc. (hereinafter, "First Principles"), a corporation existing under the laws of the State of Delaware authorized to do business in the State of New York, with its principal place of business also located at 455 New Karner Road, Albany, New York 12205.

3. I submit this declaration in support of NXIVM's and First Principles's Motion: (1) to quash the subpoenas served by certain defendants herein on Interfor, Inc. and two of its employees ("Interfor"); (2) for a protective order concerning discovery requests relating to Interfor; (3) for the disclosure of all information and return of all documents that Defendants received from NXIVM's former attorney Joseph J. O'Hara, Esq. and (4) for other relief.

4. NXIVM's principal business is conducting training programs primarily for managers, chief executives, and other business professionals ("Executive Training"). Although NXIVM conducts Executive Training seminars internationally, a substantial portion of those seminars are held in the State of New York. Due to NXIVM's presence and extensive business in New York, it needed an attorney authorized to practice in New York State to handle its legal concerns and interests in that State.

5. In or about October 2003, NXIVM retained Joseph J. O'Hara ("O'Hara") through his firm, The O'Hara Group & Associates, LLC, located in Albany, New York, to handle these general legal concerns and interests. I worked closely with O'Hara at all times during the course of his work for NXIVM. NXIVM only retained O'Hara after he represented to NXIVM that he was authorized to practice law in New York and could thereby advise NXIVM with respect to a host of matters arising under New York State law. The legal services that O'Hara provided included, but were not limited to, the following: (i) advising, creating, and implementing the structure of NXIVM's corporate form; (ii) tax planning and advice; (iii) chairing legal strategy meetings for all of NXIVM's legal matters; (iv) writing and/or editing legal briefs and filings in conjunction with other attorneys retained by NXIVM; and (v) advising NXIVM employees on the buying and selling of real property, as well as on immigration and matrimonial issues.

6. In June of 2004, O'Hara told NXIVM to direct its legal business to an entity called The O'Hara Group & Associates, PLLC, Attorneys & Counselors at Law, based in Washington, D.C. After that date, NXIVM worked with O'Hara through that entity.

7. During the Summer of 2004, NXIVM and its attorneys determined that they needed assistance from a consulting firm to conduct various investigations and research in support of their efforts with respect to several litigations and potential litigations. Richard Weiner of Nolan & Heller—the firm that was the Plaintiffs' counsel of record in this action at the time—suggested using Interfor's assistance in this regard.

8. In September 2004, O'Hara retained Interfor. A copy of a letter (enclosing the engagement agreement) signed by O'Hara on the letterhead of The O'Hara Group & Associates, PLLC, Attorneys & Counselors At Law, is attached as Exh. A. It was agreed that Interfor would work at O'Hara's direction.

9. After Interfor completed its initial investigation in late 2004, O'Hara and I met with several representatives from Interfor to discuss other projects that Interfor could assist us with. At the time, NXIVM had several litigations that were active, as well as other potential litigations; thus, we discussed the types of information that would be helpful to NXIVM in litigating its various claims. Interfor, at O'Hara's direction, then proceeded to take action to acquire this information.

10. I participated in discussions with O'Hara and Interfor during the course of their work. At all times it was both my understanding that O'Hara was functioning as NXIVM's attorney and my expectation that our communications would be kept confidential.

11. As a result of the investigations directed by O'Hara, Interfor generated several reports and documents.

12. In March 2005, O'Hara sent Nancy Salzman, the President of NXIVM, a letter notifying her that he was terminating his representation of NXIVM. A copy of the letter is attached as Ex. B. In the letter, O'Hara stated that all of his firm's work after July 1, 2004 was "entitled to all of the protections that are associated with 'Attorney/Client Privilege.'" Ex. B at 2.

13. After O'Hara's termination, NXIVM and several other individuals brought suit against O'Hara in the Northern District of New York in August 2005. The action was later refiled in New York State Supreme Court and later transferred back to the Northern District of New York. The complaint in that action is attached as Ex. C.

14. Both before and after NXIVM commenced its action against him, O'Hara threatened NXIVM, asserting that NXIVM would regret it if NXIVM were to press its claims against him, and adding that NXIVM did not want to make an enemy out of him.

15. After O'Hara terminated his representation and NXIVM changed its counsel of record in this action, Interfor ceased performing services for NXIVM.

16. After NXIVM brought suit against O'Hara in August 2005, O'Hara made various public statements accusing NXIVM and others of wrongdoing. I also learned that O'Hara contacted Morris Sutton (a Defendant herein) seeking assistance in funding his defense.

17. I never disclosed Interfor's relationship with NXIVM to anyone outside of NXIVM or its attorneys. My understanding was, and is, that only four people at NXIVM knew about Interfor's work for O'Hara. I asked each of those individuals whether he or she disclosed this information to anyone else, and each told me that he or she did not. Therefore, I believe that O'Hara is the source of any information concerning Interfor's work that has been disclosed to

PAGE 2/2 * RCVD AT 8/7/2006 6:15:10 PM [Eastern Daylight Time] * SVR:WS_FAXBK1/0 * DNIS:2204 * CSID:5184521255 * DURATION (mm-ss):01-04

individuals outside of NXIVM, its attorneys, Interfor, and O'Hara.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 7th, 2006.

KRISTIN KEEFFE

08/07/2006  18:10   5184521255   NXIVM CORPORATION   PAGE  02