NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| NXIVM CORPORATION, formerly known as EXECUTIVE SUCCESS PROGRAMS, INC.; and FIRST PRINCIPLES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> MORRIS SUTTON; ROCHELLE SUTTON; THE ROSS INSTITUTE; RICK ROSS a/k/a "RICKY ROSS"; STEPHANIE FRANCO; PAUL MARTIN, PH.D.; and WELLSPRING RETREAT, INC., <br><br> Defendants. | **Hon. Dennis M. Cavanaugh** <br><br> **OPINION** <br><br> Civil Action No. 06-CV-1051 (DMC) |
| RICK ROSS, <br><br> Counter-Claim Plaintiff, <br><br> v. <br><br> KEITH RANIERE, NANCY SALZMAN, KRISTIN KEEFFE, INTERFOR, INC., JUVAL AVIV, JANE DOE and JOHN DOES 1-10, <br><br> Counter-Claim Defendants. | |
| INTERFOR, INC. and JUVAL AVIV, <br><br> Crossclaimants, <br><br> v. <br><br> NXIVM CORPORATION, KEITH RANIERE, NANCY SALZMAN and KRISTIN KEEFE, <br><br> Crossclaim Defendants. | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon appeal, pursuant to Fed. R. Civ. P. 72, by Crossclaimants Interfor, Inc. and Juval Aviv of the Honorable Patty Shwartz, U.S.M.J's discovery order. Pursuant to Rule 78 of the Federal Rules of Civil Procedure, no oral argument was heard. After carefully considering all submissions, and based upon the following, it is the decision of this Court for the reasons herein expressed that Crossclaimants' appeal is **denied**.

## I. BACKGROUND

On November 11, 2009, Defendants Morris Sutton, Rochelle Sutton, and Stephanie Franco (collectively, the "Sutton Parties" or "Defendants"), filed a motion compelling Crossclaimants Interfor, Inc. ("Interfor") and Juval Aviv ("Mr. Aviv") (collectively, the "Interfor Parties" or "Crossclaimants"), to produce: (1) an investigative report ("Sutton Report") prepared by Interfor, concerning the Sutton Parties, and (2) a retainer agreement between Interfor and an attorney (collectively, "the documents"). By way of Opinion and Order, dated December 18, 2009, Magistrate Judge Patty Schwartz granted the Sutton Parties' motion to compel discovery of the Sutton Report and retainer agreement, and authorized the Sutton Parties to examine Mr. Aviv about the report's contents.[1]

## II. STANDARD OF REVIEW

Generally, non-dispositive determinations of a magistrate judge are reviewed under the "clearly erroneous or contrary to law standard." United States v. Sensient Colors, Inc., 649 F. Supp. 2d 309, 315 (D.N.J. 2009); L. Civ. R. 72.1c. "A magistrate judge's decision is clearly erroneous

---

[1] See Docket Entry No. 288 for further development of the Background.

when, although there may be some evidence to support it, the reviewing court, after considering the entirety of the evidence, is 'left with the definite and firm conviction that a mistake has been committed.'" Id. (citations omitted). "A magistrate judge's decision is contrary to law when he or she has 'misinterpreted or misapplied applicable law.'" Id. (citing Kounelis v. Sherrer, 529 F. Supp. 2d 503, 518 (D.N.J. 1948)). "The burden of demonstrating clear error rests with the appealing party." Id.

However, discovery orders by a magistrate judge are reviewed for abuse of discretion. Holmes v. Pension Plan of Bethlehem Steel Corp., 213 F.3d 124, 138 (3d Cir. 2000); see Massachusetts School of Law at Andover v. American Bar Assoc., 107 F.3d 1026, 1032 (3d Cir. 1997). "Where an appeal seeks review of a matter within the exclusive purview of the Magistrate Judge, such as a discovery dispute, an even more deferential standard, the 'abuse of discretion standard' must be applied." I-Med Pharma Inc. v. Biomatrix, Inc., 2008 U.S. Dist. LEXIS 63612, *5 (D.N.J. Aug. 19, 2008). "It should be noted that '[p]articular deference is accorded to magistrate judges on discovery issues.'" Sensient, 649 F. Supp. at 315 ( citing Costa v. County of Burlington, 584 F. Supp. 2d 681, 684 (D.N.J. 2008)).

### III. DISCUSSION

Crossclaimants contend that Fed. R. Civ. P. 26(b)(3)(A) "directly protects the investigative materials here as work product... [and] the Third Circuit [and] district courts within the Third Circuit...have applied work product protection to materials prepared by a non-attorney retained by a party." Cross-cl. Br. at 5. They assert that Magistrate Judge Shwartz failed to recognize this issue. Further, Crossclaimants argue that the investigation of Co-Defendant Rick Ross "was requested by the attorneys responsible for this litigation." At the conclusion of the Ross investigation,

Crossclaimants allege that Plaintiff NXIVM developed "a concern [] to learn about the relationship between Ross and the Suttons... [and therefore,] the Ross and Sutton investigations were linked." Cross-cl. Br. at 8. In other words, Crossclaimants claim the documents are "squarely covered by the work product doctrine" because they were prepared to assist NXIVM in this litigation. Cross-cl. Br. at 7. Lastly, Crossclaimants argue that the Sutton Report and retainer agreement "are outside the scope of discovery under Fed. R. Civ. P. 26(b)(1)" because the documents at issue have no substantive relevance to the claims and defenses in this case, and are only useful for the Defendants to impeach themselves. Cross-cl. Br. at 8 - 11.

By contrast, Defendants assert that Crossclaimants failed to demonstrate that either NXIVM or an attorney representing NXIVM requested the Sutton Report in connection with an ongoing or anticipated litigation, therefore, the work product doctrine is inapplicable to the instant matter. Def. Br. at 6 - 9. In particular, Defendants argue that "the evidence does not support a finding that the purpose for the creation of the Sutton Report was to assist NXIVM in this litigation." Def. Br. at 8. Additionally, Defendants contend that Crossclaimants do not have standing to assert a work product defense. Def. Br. at 9. Finally, Defendants claim that the Magistrate Judge correctly concluded that the documents contained relevant information, and further, such information is "relevant even if the only reason the [Defendants] sought its production was to differentiate what information was known about them." Def. Br. at 12.

The work-product doctrine is embodied in Federal Rule Civil Procedure 26(b)(3), which provides, in part:

> Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent).

Fed. R. Civ. P. 26(b)(3). The doctrine of work-product immunity "shelters the mental processes of the attorney, providing a privileged area within which he [or she] can analyze and prepare his [or her] client's case." In re Grand Jury (Impounded), 138 F.3d 978, 981 (3d Cir. 1998) (quoting United States v. Nobles, 422 U.S. 225, 238 (1975)). The proponent of the work product doctrine bears the burden of showing that the materials at issue were prepared in anticipation of litigation. See Holmes v. Pension Plan of Bethlehem Steel Corp., 213 F.3d 124, 138 (3d Cir. 2000); Haines v. Liggett Group, Inc., 975 F.2d 81, 94 (3d Cir. 1992) (quoting Hickman v. Taylor, 329 U.S. 495, 505 (1947)); Conoco, Inc. v. United States. Dept. of Justice, 687 F.2d 724, 730 (3d Cir. 1982).

"Courts generally, and those in this Circuit in particular, have applied what amounts to a two part test for ascertaining whether the documents (or things) at issue should be protected under the attorney work product privilege." In re Gabapentin Patent Litigation, 214 F.R.D. 178, 183 (D.N.J. 2003). The work-product doctrine requires that the materials at issue be prepared or obtained: (1) in anticipation of litigation; and (2) primarily for the purpose of litigation. See La. Mun. Police Employees Ret. Sys. v. Sealed Air Corp., 253 F.R.D. 300, 306 (D.N.J. 2008). " The 'anticipation of litigation' prong demands more than the 'inchoate possibility' or 'likely chance' of litigation and is satisfied only if the withholding party can establish 'an identifiable specific claim of pending litigation.' The 'purpose of litigation' prong requires that the specific facts and circumstances of a given case establish that the document was prepared or obtained because of litigation and not for business or other reasons." Amer. Home Assur. Co. v. United States, 2009 WL 3245445, at *1 (D.N.J. Oct. 7, 2009) (quoting In re Gabapentin , 214 F.R.D. at 184). Finally, this Circuit has limited work-product protection to materials prepared by an attorney's agent, but only "if that agent acts at

the attorney's direction in creating such documents." In re Grand Jury (Impounded), 138 F.3d 978, 981 (3d Cir. 1998) (citing United States v. Nobles, 422 U.S. 225, 238-39 (1975)).

Magistrate Judge Shwartz concluded that Crossclaimants had not met their burden of proving that the work-product doctrine protects the documents from disclosure because they failed to demonstrate the documents were prepared by, or at the direction of, an attorney. Magistrate Judge Opinion "Opinion" at 11. This Court agrees. Mr. Aviv testified during his June 23, 2009 deposition that the Sutton Report was made at the request of NXIVM's Legal Liason Kristin Keefe and its President Nancy Salzman. See Aviv Deposition at 422:21-24. Even assuming the Ross and Sutton investigations were linked as Crossclaimants contend, nothing suggests that the Sutton Report was prepared at the direction of NXIVM's attorney. In point of fact, the Magistrate Judge found that Mr. Dean, NXIVM's attorney at the time the documents were prepared, testified during his deposition on November 2, 2009, that he had no recollection of discussing NXIVM with anyone at Interfor, never directed or ordered any investigation on behalf of NXIVM, and did not recall receiving or signing (and he did not sign) the retainer agreement. Opinion at 4. Additionally, NXIVM's present attorney, William McGuire, submitted a letter to Magistrate Judge Shwartz dated December 16, 2009, stating that NXIVM never requested the report and no one at NXIVM recalled any such request. Def. Br. App. C. Viewing the evidence as a whole, in the absence of additional evidence demonstrating that the reports were prepared at the direction of an attorney, the reports at issue are beyond the scope of protection of the work-product immunity doctrine. Therefore, this Court concludes that Magistrate Judge Shwartz did not abuse her discretion in concluding that the work-

product doctrine did not apply to Sutton Report or the retainer agreement.[2]

Magistrate Judge Shwartz also found the Sutton Report and retainer agreement were within the scope of discovery pursuant to Fed. R. Civ. P. 26(b)(1). This Court agrees with the Magistrate Judge's decision. Pursuant to Fed. R. Civ. P. 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." "Courts have construed this rule liberally, creating a broad range for discovery which would encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Caver v. City of Trenton, 192 F.R.D. 154, 159 (D.N.J. 2000) (citing Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978)). "Moreover, the question of relevancy is to be more loosely construed at the discovery stage than at the trial. Therefore, it is important to distinguish the right to obtain information by discovery from the right to use it at trial." Nestle Foods Corp. v. Aetna Cas. and Sur. Co., 135 F.R.D. 101, 104 (D.N.J. 1990).

In the instant matter, Crossclaimants assert conclusory statements pertaining to the discoverability of the documents at issue. Magistrate Judge Shwartz found, the "information in these documents is likely to lead to the discovery of admissible evidence... that would be useful in impeaching a particular person, either by way of bias or otherwise, concerning their own background to challenge...their competency on a particular issue, their credibility...or their motives." Opinion at 6. The critical inquiry in permitting discovery of certain evidence is whether it will lead to the discovery of admissible evidence. Oppenheimer Fund Inc., 437 U.S. at 352. In this case, Magistrate Judge Shwartz determined that the Sutton Report and retainer agreement would lead to the discovery

---

[2] In light of a finding that the work-product doctrine does not apply to the Sutton Report or retainer agreement, the Court will not address the Sutton Parties' argument pertaining to a lack of standing.

of admissible evidence, and this determination is entitled to deference. Contrary to Crossclaimants' argument, the Sutton Parties are entitled to ascertain what information is known about themselves during the discovery phase of litigation.[3] In light of the Magistrate Judge's finding of relevance regarding the Sutton Report and retainer agreement, Crossclaimants have failed to satisfy the burden of demonstrating that those documents are not discoverable. See, Lesal Interiors, Inc. v. Resolution Trust Corp., 153 F.R.D. 552, 560 (D.N.J. 1994) (citing Cipollone v. Liggett Group, Inc., 785 F.2d 1108, 1121 (3d Cir. 1986) (party seeking to preclude discovery must show good cause by demonstrating a particular need for protection)). Likewise, given the broad and liberal application of Fed. R. Civ. P. 26(b)(1), the Magistrate Judge did not abuse her discretion in concluding the documents at issue are discoverable.

### IV.   CONCLUSION

Based on the foregoing, Defendant's appeal of the discovery order is **denied**. An appropriate Order accompanies this Opinion.

Dated:        June 7, 2010
Original:     Clerk
cc:           All Counsel of Record
              Hon. Mark Falk, U.S.M.J.
              File

Dennis M. Cavanaugh, U.S.D.J.

---

[3] See Jones v. Hawley, 255 F.R.D. 51 (D.D.C. 2009) (explaining a "fundamental purpose of discovery is to secure information that will impeach or contradict an opponent's case. Plaintiffs cannot be seriously arguing that such information does not meet the discovery standard of Rule 26(b)(1) of the Federal Rules of Civil Procedure of being relevant or likely to lead to relevant evidence").