|   |   |
|---|---|
|   | THE HONORABLE BRIAN D. LYNCH<br>Chapter 7 |

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| In Re:<br><br>SUSAN FAYE DONES<br>     Debtor. | Bankruptcy No. 10-45608-BDL<br><br>Adversary No. 10-04338-BDL |
| NXIVM CORPORATION, a Delaware corporation,<br>     Plaintiff,<br><br>vs.<br><br>SUSAN FAYE DONES<br>     Defendant. | **PLAINTIFF NXIVM CORPORATION'S REQUEST TO SUBPOENA PETER SKOLNICK TO TESTIFY AT DEPOSITION AND TO PRODUCE DOCUMENTS** |
| NXIVM CORPORATION, a Delaware corporation,<br>     Plaintiff,<br><br>vs.<br><br>KIM MARIE WOOLHOUSE<br>     Defendant. | Adversary No. 10-04339-BDL |

Pursuant to the Court's Order Governing Third-Party Discovery by Plaintiff NXIVM Corporation (*see* Docket No. 75), NXIVM Corporation ("NXIVM") hereby requests Court

REQUEST TO SERVE SKOLNICK - 1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

125305.0001/5071316.1

permission to subpoena non-party witness Peter Skolnick to testify at a deposition and to produce documents. A copy of the proposed subpoena NXIVM would like to serve on Skolnick is attached to this pleading.

### DISCOVERY SOUGHT

NXIVM would like to depose Skolnick to inquire about his communications with Dones and Woolhouse regarding the above-captioned proceedings. Skolnick may have information about Dones and Woolhouse's dispute with NXIVM and Dones and Woolhouse campaign to harm NXIVM. NXIVM would also like to inspect, copy, and/or review:

(1) Communications to/from Dones and Woolhouse relating to NXIVM or its agents or the above-captioned litigations dated after June 2008, including phone and text message records;

(2) Documents to/from Dones and Woolhouse relating to or leading up to the April 2009 meetings with Keith Raniere and/or the videotapes of those meetings; and

(3) Documents to/from Dones and Woolhouse relating to or leading up to the April 24, 2009 email sent to Keith Raniere and Nancy Salzman

that are in Skolnick's possession, custody, or control.

NXIVM will hold Skolnick's deposition in Newark, New Jersey for Skolnick's convenience. Although NXIVM has listed June 6, 2011 as the date of the deposition, NXIVM can be flexible to accommodate Skolnick's schedule. NXIVM will accept the documents requested from Skolnick by electronic or hard copy means or can arrange for inspection or pick-up of the documents as is most convenient for Skolnick.

### RELEVANCE OF DISCOVERY SOUGHT

Peter Skolnick is an attorney practicing in New Jersey has represented other defendants in litigation with NXIVM. On information and belief, Skolnick has communicated with Dones and Woolhouse via email and text regarding the dispute with

REQUEST TO SERVE SKOLNICK - 2

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

125305.0001/5071316.1

NXIVM, the instant actions, and other NXIVM litigations. Dones' and Woolhouse's production shows emails to and from Skolnick, and Dones testified in her deposition that she has also exchanged texts with Skolnick. On information and belief and as Dones tesified in her deposition, Skolnick advised Dones regarding documents necessary for production.

Given these facts, Skolnick is knowledgeable about the history leading up to this dispute, Dones' and Woolhouse's anti-NXIVM sentiments, the demands Dones and Woolhouse made to NXIVM, and Dones' and Woolhouse's plans to harm NXIVM.

## CONCLUSION

For the foregoing reasons, NXIVM respectfully requests the Court to allow NXIVM to subpoena Peter Skolnick to take his deposition and to requests documents.

DATED: May 20, 2011.

                                  LANE POWELL PC

By /s/Paul D. Swanson
   Paul D. Swanson, WSBA No. 13656
   Tiffany H. Scott, WSBA No. 41740
Attorneys for NXIVM Corporation

Robert D. Crockett, admitted *pro hac vice*
Latham & Watkins, LLP
355 S. Grand Avenue
Los Angeles, CA 90071-1560

Richard H. Weiskopf, admitted *pro hac vice*
O'Connell & Aronowitz PC
54 State Street
Albany, NY 12207

REQUEST TO SERVE SKOLNICK - 3

125305.0001/5071316.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

Case 10-04338-BDL   Doc 118   Filed 05/20/11   Entered 05/20/11 16:18:13   Page 3 of 7

# CERTIFICATE OF SERVICE

I hereby certify that on May 20, 2011, I caused to be served a copy of the foregoing document on the following person(s) in the manner indicated below at the following address(es):

**Susan Faye Dones (via First Class Mail and Electronic Mail)**
616 9th Ave. SW
Puyallup, WA 98371

**Kim Marie Woolhouse (via First Class Mail and Electronic Mail)**
616 9th Ave SW
Puyallup, WA 98371

Richard H. Weiskopf
O'Connell & Aronowitz PC
54 State Street
Albany, NY 12207

Robert D. Crockett
Latham & Watkins, LLP
355 S. Grand Avenue
Los Angeles, CA 90071-1560

☑ by **CM/ECF**
☐ by **Electronic Mail**
☐ by **Facsimile Transmission**
☐ by **First Class Mail**
☐ by **Hand Delivery**
☐ by **Overnight Delivery**

/s/Julie Kelly
Julie Kelly

REQUEST TO SERVE SKOLNICK - 4

125305.0001/5071316.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

Case 10-04338-BDL    Doc 118    Filed 05/20/11    Entered 05/20/11 16:18:13    Page 4 of 7

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Northern District of New Jersey

| NXIVM Corporation | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  10-04338-BDL, 10-04339-BDL |
| Susan Fae Dones (10-04338-BDL) | ) | |
| Kim Marie Woolhouse (10-04339-BDL) | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | Bankruptcy Court W.D. Of Washington  ) |

### SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:  Peter Skolnik

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Latham & Watkins<br>One Newark Center, 16th Floor, Newark, NJ  07101 | Date and Time:<br>06/06/2011 9:30 am |
|---|---|

The deposition will be recorded by this method:  Video

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

(1) Communications to/from Dones and Woolhouse relating to NXIVM or its agents or the above-captioned litigations dated after June 2008, including phone and text message records; (2) documents to/from Dones and Woolhouse relating to or leading up to the April 2009 meetings with Keith Raniere and/or the videotapes of those meetings; and (3) documents to/from Dones and Woolhouse relating to or leading up to the April 24, 2009 email sent to Keith Raniere and Nancy Salzman

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: _____

          *CLERK OF COURT*

                                         OR

_____                    _____
     *Signature of Clerk or Deputy Clerk*                                      *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

AO 88A  (Rev.  06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  10-04338-BDL, 10-04339-BDL

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).