**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

CHAMBERS OF
MARK FALK
UNITED STATES MAGISTRATE JUDGE

USPO & COURTHOUSE
1 FEDERAL SQ., ROOM 457
NEWARK, NJ 07101
(973) 645-3110

**LETTER ORDER**

June 29, 2011

**TO ALL COUNSEL OF RECORD**

Re:   **NXIVM Corporation, *et al.* v. The Ross Institute, *et al.***
      **Civil Action No. 06-1051 (DMC) (MF)**

Dear Counsel:

NXIVM has moved to seal portions of transcripts of judicial proceedings held before the Undersigned on February 9, 2011, and April 15, 2011. [CM/ECF Nos. 389, 414.] Both motions are opposed. No argument was heard. Fed. R. Civ. P. 78(b). For the reasons that follow, the motions are **denied**.

**Background**

The parties are fully familiar with the facts and perverse history of this case. The proceedings are highly contentious and unusual. Most of the proceedings have been conduced in open court, and indeed, this Court early on expressed its view that "there is a strong public interest in disclosure of the true facts of this case."[1] It is against this backdrop that the motions to seal are considered.

On February 9, 2011, this Court conducted a case management conference to

---

[1] *See* Transcript of January 9, 2007 Oral Argument, at 29:22-23; *see also* 29:23-34:11.

resolve outstanding discovery and case management issues, including the continued deposition of non-party witness Barbara Bouchey, who appeared *pro se* at the conference. During the hearing, statements were made by counsel for Defendant Rick Ross and by Ms. Bouchey that NXIVM alleges could reveal its confidential business information, damage its reputation, result in decreased enrollments its programs, and impact its right to a fair trial. After the comments were made and at the request of NXIVM's counsel, the Court entered a temporary order to seal the hearing transcript, pursuant to Local Civil Rule 5.3(c)(6), to allow the NXIVM parties the opportunity to fully and formally brief the issue of sealing under the Court's Local Civil Rules and the applicable case law.

On March 7, 2011, NXIVM filed its motion to permanently seal portions of the February 9th transcript. Thereafter, on March 21, 2011, despite the existence of the temporary sealing order, the February 9th transcript was somehow obtained through the Court's transcription service and reported on and published in the *Times Union*, a daily newspaper covering Albany, New York, and the surrounding counties.[2]

On April 15, 2011, the Court conducted an additional case management conference. During the conference, counsel for the Ross parties stated his personal opinion of NXIVM, its litigation practices, and certain NXIVM principles. Again, at the request of NXIVM's counsel, the transcript was temporarily sealed pursuant to Local Civil Rule 5.3(c)(6) to provide the NXIVM parties with a fair opportunity to fully brief whether permanent sealing was warranted.

Despite the public dissemination of the February 9th transcript, NXIVM continues to request that portions of the transcript be permanently sealed "to limit the circulation of those portions of the transcript which are prejudicial to its reputation." (Pls.' Reply 1; CM/ECF No. 400.) NXIVM also requests that the April 15, 2011 transcript, which has not been publicly disseminated, be sealed because NXIVM has the "right . . . to protect its reputation from unwarranted attack." (NXIVM's Mot to Seal Tr. (4/15/11) at 6; CM/ECF No. 414-1.)

In response, the Ross parties and other Defendants have opposed the motions, arguing that the type of information at issue is not sensitive and does not qualify for sealing. Additionally, with respect to the February 9th transcript, they contend that

---

[2] *See* http://en.wikipedia.org/wiki/Albany_Times_Union (last visited 6/27/11).

the publication of an article and the transcript by the *Times Union* vitiates any claim of confidentiality that could have ever attached to the transcript.

## Legal Standard

There is "a common law public right of access to judicial proceedings and records." In re Cendant Corp., 260 F.3d 183, 192 (3d Cir. 2001); see Leucadia, Inc. v. Applied Extrusion Techs., Inc., 998 F.2d 157, 164 (3d Cir. 1993). The Local Civil Rules provide the framework for consideration of requests to seal judicial materials and proceedings, requiring that the party seeking closure show: "(a) the nature of the materials or proceedings at issue, (b) the legitimate private or public interests which warrant the relief sought, (c) the clearly defined and serious injury that would result if the relief sought is not granted, and (d) why a less restrictive alternative to the relief sought is not available." L. Civ. R. 5.3(c)(2). There is a presumption of public access that must be overcome by a showing of good cause. See, e.g., L. Civ. R. 5.3(a)(4) ("Subject to this rule and to statute or other law, all materials and judicial proceedings are matters of public record and shall not be sealed."); FTC v. Lane Labs, No. 00-3174, 2007 U.S. Dist. LEXIS 6430, at *2 (D.N.J. Jan. 29, 2007) (Cavanaugh, J.) (denying motion to seal allegedly confidential materials). Good cause exists only when a party shows that disclosure will result in "a clearly defined and serious injury . . . ." Pansy v. Boro. of Stroudsburg, 23 F.3d 772, 778 (3d Cir. 1994); see also Cipollone v. Liggett Group, 785 F.2d 1108, 1121 (3d Cir. 1986).

## Application

The request to seal the February 9th transcript is **denied**. The transcript and its contents are already public. While this is not NXIVM's fault and clearly undermines the Court's temporary sealing order, the information has been public for some time nonetheless. Indeed, the hearing was the subject of a lengthy online article (which included an electronic link to the transcript) published by the *Times Union* on March 21, 2011. This article and the transcript remain publicly available to anyone utilizing the Internet.[3] This ends the inquiry. The public dissemination of the information and its inclusion in a published newspaper article eliminates any

---

[3]www.timesunion.com/local/article/Lawyer-attacks-NXIVM-scheme-1032548.php (last visited June 27, 2011)

possibility of sealing. See, e.g., Gambale v. Deutsche Bank AG, 377 F.3d 133, 144 (2d Cir. 2004) ("[H]owever confidential it may have been beforehand, subsequent to publication it was confidential no longer. . . . We simply do not have the power, even were we of the mind to use it if we had, to make what has thus become public private again."); see also Republic of Philippines v. Westinghouse Elec. Corp., 949 F.2d 653, 659 (3d Cir. 1991); Bank of Am. Tr. & Sav. Ass'n v. Hotel Rittenhouse Assoc., 800 F.2d 339, 345 (3d Cir. 1986).

Publication aside, even if this Court had the ability to put the proverbial genie back in the bottle, it would not be appropriate to do so here. The Court notes that the portions of the transcript NXIVM would have sealed do not implicate the types of information that could justify sealing in this district; e.g., confidential business information or trade secrets. Rather, the disputed sections of the transcript involve attorney argument over relevance and confidentiality and Ms. Bouchey's argument that a particular subpoena should be quashed. At most, this amounts to the "advocacy" of individuals admittedly biased against NXIVM and those aligned with the organization. The disputed portions of the transcript do not reveal truly confidential or sensitive information, and NXIVM fails to show how the public disclosure of the transcript could result in the clearly defined, serious, and substantial injury that would be required to support permanent sealing. Thus, the motion to seal the February 9th transcript is denied.

NXIVM's request to seal the April 15th transcript is also **denied**. The portions of the transcript sought to be sealed, which will not be repeated here, are apparently opposing counsel's personal opinion of NXIVM and certain individuals associated with it. The relevance of these comments is not apparent. Perhaps they should not have been made in a judicial proceeding. Nevertheless, these statements are nothing more than what they are—the gratuitous opinion of adversary counsel. The statements do not involve NXIVM's confidential business information, proprietary information, or trade secrets. To the extent opposing counsel's mere opinions could cause any harm to NXIVM's reputation or result in embarrassment, NXIVM must show that the potential is "particularly serious." Cipollone v. Liggett Group, Inc., 785 F.2d 1108, 1121 (3d Cir. 1986). Comments similar to the disputed comments have, unfortunately, appeared in prior submissions and attachments to submissions publicly filed in this case. Statements similar to those at issue here have also been reported on in the press, including in the *Times Union*. No serious harm has apparently occurred. In short, Ross's counsel's comments do not warrant permanent sealing of

the portions of the transcript.

Nothing here should be interpreted to condone the inessential disparagement resorted to by certain counsel. Nor does the Court condone the other sometimes profligate activity of certain counsel (e.g., taking pictures of a spectator in Court with a cell phone camera). However, as to sealing, the inescapable fact is that much of the substance of this case is already accessible in the press.

## Conclusion

For the reasons stated above, the motions are **denied**. The transcripts shall remain sealed for 15 days. See L. Civ. R. 72.1(c)(1)(C). If no further applications are filed in 15 days, the temporary seals shall be vacated.

**SO ORDERED.**

s/Mark Falk
**MARK FALK**
**United States Magistrate Judge**


cc:   Honorable Dennis M. Cavanaugh, U.S.D.J.
      File