**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**CATHY L. WALDOR**<br>UNITED STATES MAGISTRATE JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>ROOM 4040<br>NEWARK, NJ 07101<br>973-776-7862 |

**LETTER ORDER**

    Re:    **NXIVM Corporation, *et al* v. Sutton, *et al*
                Civil Action No. 2:06-cv-1051-KSH-CLW**

Dear Counsel:

    This matter comes before the Court on Defendant, Stephanie Franco's, Motion to Unseal (ECF Nos. 691 and 699) and Plaintiff, NXIVM Corporation's opposition (ECF No. 696). Defendant brings this motion to unseal Exhibit 5 to the May 2, 2016 declaration of Grant M. McGuire and Exhibits A, B, and C to the Amended Consolidated Complaint. The Court declined to hear oral argument pursuant to Rule 78 and for the reasons set forth below, denies the motion in part and grants the motion in part.

    Exhibit A is a list of customers who reportedly disassociated themselves from Plaintiff; Exhibit B is a list of prospective customers who supposedly cancelled enrollment in Plaintiff's courses; and Exhibit C is a list of individuals and professional firms that allegedly refused to provide services to Plaintiff. The Court granted Plaintiff's motion to file Exhibits A, B, and C under seal on August 16, 2005. On October 27, 2016 Judge Falk granted Plaintiff's request for these Exhibits to continue to be sealed, in addition to sealing Exhibit 5 to the McGuire Declaration. (ECF No. 641.) Exhibit 5 is "Ms. Franco's student handout (plus her notes) she received from NXIVM." They are the materials "she gave to her brother Jeffrey Sutton, in an effort to help her brother Michael Sutton." (Brief, at 3.)

    Defendant points to language in Judge Falk's Order that in her opinion indicated the sealing of Exhibit 5 depended on the outcome of the pending motions for summary judgment—"the Court may further consider whether the manual should remain sealed" once those motions have been decided. (Brief, at 3.)

    The Court's December 30, 2016 Opinion and Order dismissed Plaintiff's misappropriation of trade secrets claim against Ms. Franco, indicating that Plaintiff's course materials were not a protected trade secret. Specifically, the Court found that "Franco purchased self-help materials . . . [s]he did not obtain private information about how NXIVM's business ran, or how it marketed its products to consumers." (ECF No. 642, at 12.) According to the Court's opinion "the materials constitute a product that can hardly be called a secret." *Id.*

Even still NXIVM argues that the Court's December 2016 Opinion is irrelevant because confidential business information under Rule 5.3 is not limited to trade secrets. Additionally, Plaintiff intends to appeal the decision and thus believes the documents must remain under seal in the interim.

Plaintiff raises a valid point that the material may still be confidential business information despite the Court dismissing the trade secrets claim. Nothing has changed since Judge Falk's decision with respect to Exhibits A, B, and C. Those exhibits (referred to as Exhibits K and L in Judge Falk's Order) still contain the names "of private citizens that have no direct relationship to this case." The same concerns exist that individuals often "come to NXIVM seeking to improve personal and private matters . . . and might be embarrassed with public disclosure about them and their relationship with NXIVM." (ECF No. 641, at 4.) Defendant's reference to *Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 484 (3d Cir. 1995), for the proposition that embarrassment is insufficient to sustain the sealing of documents is misguided. The potential embarrassment caused by disclosing Exhibits A, B, and C is precisely that envisioned by the Third Circuit in *Glenmede*, where the Court explains it has "typically viewed the "embarrassment" factor in terms of non-pecuniary harm to individuals." What the Third Circuit rejects as sufficient embarrassment in *Glenmede* is that which harms a business because the "primary measure of the well-being of a business is pecuniary." *Id*. For this reason, the Court will continue to seal Exhibits A, B, and C.

Additionally, the Court's decision to dismiss the misappropriation of trade secrets claim does not change Judge Falk ruling that Exhibit 5 "[o]n its face and according to Plaintiff . . . describes the crux of the NXIVM program and qualifies as valuable commercial information." (ECF No. 641, at 3.) Courts have typically protected propriety business information of this nature. *See City of Sterling Heights Gen. Employees' Ret. Sys. v. Prudential Fin., Inc.*, No. 212CV05275MCALDW, 2016 WL 234838, at *2 (D.N.J. Jan. 19, 2016) (recognizing movants "legitimate interest in maintaining the confidentiality of its proprietary methods in these materials"); *Goldenberg v. Indel, Inc.*, No. CIV. 09-5202 JBS/AMD, 2012 WL 15909, at *3 (D.N.J. Jan. 3, 2012) (noting the "confidentiality of business agreements, trade secrets or commercial information . . . [because] the disclosure of this information can be used for the improper purpose of causing harm to the litigant's competitive standing in the marketplace.")

However, Local Civil Rule 5.3(c)(2)(d) does require a showing of "why a less restrictive alternative to the relief sought is not available." Plaintiff has not met their burden in this regard. As Ms. Franco points out, several of the documents contained in the manual are already available on a public docket in the Northern District of New York, as part of NXIVM registration with the Unites States Copyright Office, or as part of its application for a patent for the Rational Inquiry Method. (Brief, at 7.) The portions of the manual which are already available in one of these three forums shall be disclosed, assuming the pages contained in the manual are an exact replica of what is publicly available. Specifically, a page that contains notes from Ms. Franco shall remain under seal. All other pages of the manual, that have not previously been available to the public, shall remain under seal.

**ACCORDINGLY, IT IS** on this 21st day of March, 2017,

**ORDERED** that Plaintiff's motion to unseal (ECF No. 691) is hereby denied with respect to Exhibits A, B, C, and portions of Exhibit 5 not already in a public forum, and granted with respect to portions of Exhibit 5 previously made available to the public; and

**FURTHER ORDERED** that the Clerk shall terminate ECF No. 691.

**SO ORDERED**

                                                        *s/Cathy L. Waldor*

**Dated:     March 21, 2017**                **CATHY L. WALDOR**
                                                      **United States Magistrate Judge**