**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

CHAMBERS OF
**CATHY L. WALDOR**
UNITED STATES MAGISTRATE JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
ROOM 4040
NEWARK, NJ 07101
973-776-7862

### ORDER TO SEAL

Re:   NXIVM Corporation, *et al* v. Sutton, *et al*
       Civil Action No. 2:06-cv-1051-KSH-CLW

**THIS MATTER** comes before the Court on Plaintiff's Motions to Seal (ECF Nos. 661 and 683) and Defendant's opposition (ECF No. 673). Plaintiff brings this motion to seal exhibits that were filed with Plaintiff's Motion to Alter or Amend the Grant of Summary Judgment (ECF No. 660). The Court having considered the papers submitted in support of these motions, and for good cause shown, denies the motion in part.

The Local Civil Rule 5.3(c)(2) requires an applicant of closure show the following:

(a) the nature of the materials or proceedings at issue,
(b) the legitimate private or public interests which warrant the relief sought,
(c) the clearly defined and serious injury that would result if the relief sought is not granted, and
(d) why a less restrictive alternative to the relief sought is not available.

There is a presumption in favor of disclosure that must be overcome by a showing of good cause. *Goldstein v. Forbes (In re Cendant Corp.)*, 260 F.3d 183, 192 (3d Cir. 2001). Local Civil Rule 5.3(a)(4) is premised on the notion that "all materials and judicial proceedings are matters of public record and shall not be sealed." To prove good cause a party must show that disclosure will result in clearly defined and serious injury. *Supernus Pharm., Inc. v. Actavis, Inc.*, No. 13-4740, 2014 WL 6474039, at *3 (D.N.J. Nov. 18, 2014). In *Pansy v. Borough of Stroudsburg*, 23 F.3d 772 (3d Cir.1994), the Third Circuit outlined several relevant factors to consider when weighing "the injuries that disclosure may cause against the other party's or the public's interest in the information." *Id.* at 786-91; *See also Hershey Co. v. Promotion in Motion, Inc.*, No. 07-1601, 2010 WL 1812593, at *2 (D.N.J. May 4, 2010) (ruling that only the portions of the deposition transcripts that contain confidential business information should be redacted).

Courts "have recognized that the confidentiality of business agreements, trade secrets or commercial information are a legitimate private interest" because disclosing this information could cause "harm to the litigant's competitive standing in the marketplace." Specifically, "District Courts in the Third Circuit have [] repeatedly found serious harm in disclosing financial information which would injure a party's standing in the competitive marketplace." *Goldenberg*

*v. Indel, Inc.*, No. 09-5202, 2012 WL 15909, at *3 (D.N.J. Jan. 3, 2012) (finding that business agreements, sensitive financial information, and private email exchanges should be sealed); *Faulman v. Sec. Mut. Fin. Life Ins. Co.*, No. 04-5083, 2006 WL 1541059, at *1 (D.N.J. June 2, 2006) (noting that a court will generally protect confidential research, development, or commercial information).

Based on the foregoing Plaintiff's motion is denied in part. To the extent any of the exhibits in question were previously in the public domain either through another federal action, as part of registration with the Unites States Copyright Office, as part of an application for a patent, or through a website, those exhibits shall not be sealed. Assuming this is applicable to the entirety of Exhibits 4, 36, and 41, those exhibits shall be disclosed in their entirety. The franchise agreements of Dale Carnegie Associates and The Alternative Board that Plaintiff expert, Don Smith reviewed (Exhibits 33 and 34), shall not be sealed. Don Smith's resume and a generic report created by Marketdata Enterprises (Exhibits 43 and 44), shall not be sealed. With respect to Exhibit 58, the Court directs the parties to comply with the Court's previous ruling regarding sealing Ms. Franco's manual (*See* ECF No. 703).

The Court reserves judgement on the sealing of the following: (1) deposition testimony, (Exhibits 10, 15, 20, 22, and 49); and (2) work product files reportedly prepared by Plaintiff expert Don Smith, (Exhibits 35, 37, 38, 39, 40, 42, and 54). If Plaintiff still wishes to have these documents sealed, it shall provide with greater specificity the harm that will be caused by disclosure of each specific exhibit. This shall include the particular injury Plaintiff will endure from each deposition and the topics discussed therein, as well as information from Don Smith regarding how and when he prepared the exhibits in question. In preparing its submission, the Court urges Plaintiff to be mindful of Local Rule 5.3(c)(2)(d). All resubmissions shall be accompanied by two courtesy copies of any relevant exhibits.

**ACCORDINGLY, IT IS** on this 21st day of March, 2017,

**ORDERED** that Plaintiff's motion to seal (ECF No. 661) is hereby denied in part.

**SO ORDERED**

|  |  |
|---|---|
| **Dated:   March 21, 2017** | *s/Cathy L. Waldor*<br>**CATHY L. WALDOR**<br>**United States Magistrate Judge** |