**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| NXIVM CORPORATION, f/k/a/ EXECUTIVE SUCCESS PROGRAMS, INC., and FIRST PRINCIPLES, INC., <br><br> *Plaintiffs*, <br><br> v. <br><br> ESTATE OF MORRIS SUTTON, ESTATE OF ROCHELLE SUTTON, THE ROSS INSTITUTE, RCK ROSS a/k/a/ "RICKY ROSS," STEPHANIE FRANCO, PAUL MARTIN, PH.D., and WELLSPRING RETREAT, INC., <br><br> *Counterclaim-Defendants*. | Civil No. 2:06-1051 (KSH) (CLW) <br><br><br> **OPINION** |
| RICK ROSS., <br><br> *Counterclaim-Plaintiff*, <br><br> v. <br><br> KEITH RANIERE, NANCY SALZMAN, KRISTIN KEEFFE, INTERFOR, INC., JUVAL AVIV, JANE DOE, and JOHN DOES 1-10, <br><br> *Counterclaim-Defendants*. | |

| INTERFOR, INC. and JUVAL AVIV, |
| *Crossclaimants*, |
| v. |
| NXIVM CORPORATION., KEITH RANIERE, NANCY SALZMAN, |
| *Counterclaim-Defendants*. |

**Katharine S. Hayden, U.S.D.J.**

In advance of a jury trial to be held on plaintiff NXIVM's breach of contract claim against Stephanie Franco, Franco has filed a motion for summary judgment in her favor on her counterclaims alleging fraud and deception on NXIVM's part. (D.E. 712-1 (Franco Brief).)) [1] The operative facts are well-known to the parties and the Court[2]: Franco attended NXIVM's personal-growth seminars in 2001, purportedly at the urging of its president Nancy Salzman. Later, Franco shared with a family member the NXIVM course materials, which were allegedly protected by a confidentially agreement. Thereafter, the materials were provided to a third-party blogger, who used them in articles posted to his website that were critical of NXIVM. Franco's counterclaims allege that NXIVM materially misrepresented to Franco information about its development seminars.

**I.    STANDARD OF REVIEW**

"Summary judgment is appropriate when the movant shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.

---

[1] For ease of reference, the Court refers to Salzman and NXIVM collectively as NXIVM.
[2] An extensive factual and procedural history can be found in the Court's December 2016 opinion. (D.E. 642 ("December 2016 Opinion") at 20-21.)

Civ. P. 56(a). An issue of fact is material and genuine if it "affects the outcome of the suit under the governing law and could lead a reasonable jury to return a verdict in favor of the nonmoving party." *Willis v. UPMC Children's Hosp. of Pittsburgh*, 808 F.3d 638, 643 (3d Cir. 2015) (quotation and alteration marks omitted). The party seeking summary judgment "has the burden of demonstrating that the evidentiary record presents no genuine issue of material fact." *Id.*

## II. DISCUSSION

Franco moves for summary judgment on her claims of statutory and common law fraud. Specifically, Franco seeks relief under the New Jersey Consumer Fraud Act and New York General Business Law § 349, as well as New York common law. Common to these statutory claims is that each requires the misrepresentation or omission of a material fact. *See* N.J.S.A. § 56:8-2; *Aetna Cas. & Sur. Co. v. Aniero Concrete Co.*, 404 F.3 566, 582 (2nd Cir. 2005); *Eurycleia Partners, LP v. Seward & Kissel, LLP*, 12 N.Y.3d 553, 559 (N.Y. 2009); *Koch v. Acker, Merrall & Condit Co.*, 18 N.Y.3d 940, 967 (N.Y. 2012) (analyzing NY CLS Gen. Bus. § 349(h)).

The parties agree that NXIVM offers personal-growth seminars that train students in the "Rational Inquiry Method," and that Franco spent several thousand dollars to attend these seminars, but the parties dispute how Salzman promoted NXIVM to Franco. (D.E. 717-2 ("Franco's Statement of Material Facts in Support of Summary Judgment Motion") at ¶ 6, 21; (D.E. 694 ("NXIVM's Statement of Material Facts in Opposition to Franco's Summary Judgment Motion") at ¶ 6, 21.)) Franco claims that Salzman told her that the program had trained approximately 400,000 students using the "Rational Inquiry Method;" that the "Rational Inquiry Method" was a groundbreaking new technology with unprecedented results; and that NXIVM courses improved participants' health and promoted greater business success. (Franco's Statement of Material Facts in Support of Summary Judgment Motion at ¶¶ 13, 14, & 15.) Salzman denies making these statements and adds that Franco is a state-licensed social worker, a psychologist, and a doctoral degree holder, who was familiar with

personal-development workshops and classes. (NXIVM's Statement of Material Facts in Opposition to Franco's Summary Judgment Motion at ¶¶ 13, 14, 15, & 16.)

Franco also claims that NXIVM failed to inform her about certain aspects of the program, for example that participants are expected to wear sashes, bow to instructors, and address Raniere and Salzman as "Vanguard" and "Prefect" respectively. (Franco's Statement of Material Facts in Support of Summary Judgment Motion at ¶ 25.) NXIVM characterizes this as insignificant because Franco took another course after she was exposed to the program's protocol. (NXIVM's Statement of Material Facts in Opposition to Franco's Summary Judgment Motion at ¶ 25.) NXIVM further responds by arguing that Franco's assertions are "trivial" and subjective, based upon her own disappointment with the program and not on expert testimony. (D.E. 685 ("NXIVM Opposition Brief") at 7-8.) Further, according to NXIVM, any statements about the superiority of the program were mere puffery and not actionable. (D.E. 685 ("NXIVM Opposition Brief") at 10.) Last, NXIVM argues that Franco received the benefit of her bargain because the courses she attended were exactly what she signed up for. (D.E. 685 ("NXIVM Opposition Brief") at 10.)

The foregoing recital of the parties' positions–which arguably could go further–is more than enough to demonstrate sufficient dispute between the parties about the core elements of Franco's counterclaims. As such, summary judgment is not appropriate.

### III. CONCLUSION

Franco's motion for summary judgment is denied, and an appropriate order will be entered.

s/ Katharine S. Hayden<br>
Katharine S. Hayden, U.S.D.J.

Dated: September 28, 2017