**CROCKETT & ASSOCIATES**
Robert D. Crockett (*pro hac vice*)
23504 Lyons Avenue, No. 401
Santa Clarita, California 91321
(323) 487-1101
*Attorneys for Plaintiffs/Counterclaim Defendants NXIVM Corporation and First Principles, Inc.; and Third Party Defendant Nancy Salzman*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| NXIVM CORPORATION, (formerly known as EXECUTIVE SUCCESS PROGRAMS, INC.) and FIRST PRINCIPLES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> MORRIS SUTTON, ROCHELLE SUTTON, THE ROSS INSTITUTE, RICK ROSS (a/k/a "RICKY" ROSS), STEPHANIE FRANCO, PAUL MARTIN, Ph.D., AND WELLSPRING RETREAT, INC., <br><br> Defendants. | Civil Action No.: 06-cv-1051 (KSH/CLW) <br><br> **DECLARATION AND NOTICE OF UNREADINESS OF COUNSEL FOR TRIAL** <br><br> **[NXIVM V. Franco Bifurcated Trial]** |
| RICK ROSS, <br><br> Counterclaim-Plaintiff, <br><br> -against- <br><br> KEITH RANIERE, NANCY SALZMAN, KRISTIN KEEFFE, INTERFOR, INC., JUVAL AVIV, JANE DOE, AND JOHN DOES 1-10, | |

|  |
| --- |
| Counterclaim-Defendants. |
| INTERFOR, INC. and JUVAL AVIV,<br><br>Crossclaimants,<br><br>v.<br><br>NXIVM CORPORATION, KEITH RANIERE, NANCY SALZMAN and KRISTIN KEEFFE,<br><br>Crossclaim-Defendants. |

I, Robert D. Crockett, declare as follows:

1.      I am a lawyer and the sole member of the California law firm Crockett & Associates.  I am admitted *pro hac vice* as primary counsel for NXIVM Corporation, First Principles, Inc., and Nancy Salzman (the "NXIVM Parties") in this matter.

2.      I submit this declaration and notice out of an abundance of caution so that opposing counsel and the Court not spend needless time preparing for the trial.

3.      It is with great regret that I must inform the Court that NXIVM will not be ready for trial on the scheduled date.  I say this without disrespect of the Court or in defiance of its orders.  I simply cannot be there after nine years of very costly involvement in this case.

4.      On Saturday December 16, 2017, I underwent emergency surgery to re-attach the retina to my right eye.  There were six tears in the retina; it was major outpatient surgery. I was evaluated again this week and I asked if I could at least

2

cross the Continental Divide at 4000 feet. My doctors have advised that my recovery from said surgery precludes me from exceeding 2000 feet without risking blindness until a gas organic ball in my eye is fully absorbed. That date is approximately six weeks from December 16, 2017.

5.      The trial in this matter is scheduled to commence January 16, 2018. At the time of my surgery this matter was also scheduled for a Final Pre-Trial Conference before the Court on January 9, 2018. The Final Pre-Trial Conference has since been converted to a *Daubert* hearing as well as a hearing regarding Franco's Rule 26 motion. [Docket Entry 787].

6.      Requests have been submitted for an adjournment of the January 9, 2018 proceedings as well as the January 16, 2018 trial date. [Docket Entries 784 and 790]. Such requests have been denied. [Docket Entries 788 and 792]. I fully acknowledge those rulings.

7.      This declaration and notice is **NOT** being submitted as another adjournment request nor should it be interpreted as one. Rather, it is being submitted to provide notice to the Court and adversary counsel of the NXIVM Parties' position and to alleviate the need of the Court and adversary counsel to devote resources associated with preparing for trial on January 16, 2018.

8.      I have fully advised my client that the likely outcomes are (a) the Complaint will be stricken, (b) a default granted on the Cross-complaint, (c) prove-up on the Cross-complaint, and (d) costs and damages awarded. I also understand that the upcoming *Daubert* hearing poses a risk that my damages expert will be stricken. But NXIVM has other witnesses to address damages, including consequential damages.

9.      The entire reason I came into this case this past year was that recently-deceased Bill McGuire and I worked together for many years developing the case, understanding the facts and preparing for trial. Although Bill represented NXIVM

3

and I represented Kristin Keeffe, she was NXIVM's agent in charge of the litigation which meant that Bill, Ms. Keeffe and I were all tied together in the direction of the case.  When I was recently admitted pro hac vice, I made no effort to bring any other lawyer up to speed to handle the case because I was in perfect health, run 100-mile races and marathons, have an active practice, manage a law practice of several lawyers in California, have plenty of experience in jury trials and federal cases, and there appeared to be no prospect of an inability to get in a plane or train or car to come to New Jersey.

10.    I have considered the prospect of easing the burden on the Court by stipulating with Mr. Sylvester to a dismissal in lieu of a final hearing due to current circumstances, and state in the stipulation a three-week inability to try the case, but it is my professional opinion that the Third Circuit would declare "no case or controversy" under such circumstances.

11.    Based upon the foregoing, the NXIVM Parties are not prepared to proceed to trial in my absence as primary counsel.

12.    I have consulted with the NXIVM Parties and have said parties consent to submit this declaration and notice to the Court.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct and that this declaration and notice was executed at Santa Clarita, California on January 5, 2018.

Robert D. Crockett

4851-4020-6938, v. 1

4