

# TMWB

**Tompkins, McGuire, Wachenfeld & Barry LLP**

**Attorneys at Law**

| | **Grant W. McGuire | Partner** | |
|---|---|---|
| Reply to: | 3 Becker Farm Road Suite 402 | Gateway One Center |
| | Roseland, New Jersey  07068-1726 | Suite 615 |
| | T: 973.623.7495 | F: 973.623.7780 | Newark, N. J. 07102 |
| | gmcguire@tompkinsmcguire.com | T: 973.622.3000 |

January 16, 2017

**Via ECF**
The Honorable Katharine S. Hayden
United States District Judge
Frank R. Lautenberg U.S. Post Office & Courthouse
Courtroom PO 05
1 Federal Square
Newark, NJ  07101

   Re: **NXIVM Corporation, et. al. v. The Ross Institute, et. al.**
     **[NXIVM v. Franco Bifurcated Trial]**
     Civil Action No.: 06-cv-1051 (KSH/CLW)
     Our File No.: 4472-1

Dear Judge Hayden:

  This firm serves as local counsel for the NXIVM related parties with respect to the matter referenced above.  I write to respond to Mr. Sylvester's recently filed letter of this date [Docket Entry 798] regarding the affidavit of Nancy Salzman [Docket Entry 797] and to avoid any confusion with respect to said affidavit and/or prior representations that had been made to the Court.

  Near the conclusion of proceedings before this Court on Wednesday, January 10, 2018, the Court indicated that the parties should be prepared to proceed to trial – on both NXIVM's complaint against Franco and Franco's cross-claim/third party complaint against NXIVM and Nancy Salzman – unless NXIVM **either** entered a voluntary dismissal of their complaint against Franco **or** filed a sworn statement on behalf of Nancy Salzman, whereby Ms. Salzman indicated that, being fully aware of NXIM's rights and her personal rights, neither she nor anyone on behalf of NXIVM would be appearing at trial.  The relevant portion of the transcript (Pages 17-18) are attached for the Court's reference.

Consistent with the terms set forth by the Court (and as referenced on Pages 17-18 of the attached January 10, 2018 transcript) Ms. Salzman's affidavit was prepared and filed with the full understanding that once said affidavit was filed, the Court would be in a position to dismiss NXIVM's complaint against Franco.  It cannot be overlooked that he filing of the Salzman affidavit, and indeed, the Court's comments referenced above, were in no small order influenced by representations that had been made to the Court and counsel by adversary counsel, which made it clear that if NXIVM's complaint against Franco was either dismissed by the Court or via voluntary dismissal, Franco would voluntarily dismiss her cross-claim/third party complaint against NXIVM and Ms. Salzman personally.

Mr. Sylvester's letter of this date appears to take the position that unless NXIVM voluntarily dismisses their complaint there is no option other than trial.  The transcript of proceedings before this Court on January 10, 2018 make it clear another option was in place, namely the submission of Ms. Salzman's affidavit.  Presuming the Court finds the Salzman affidavit meets the criteria referenced in Pages 17-18 of the January 10, 2018 transcript - and NXIVM's complaint against Franco is dismissed, short of the matter being presented for trial– it is respectfully requested that Franco be bound by prior representations of counsel.

Respectfully submitted,

/s/ Grant W. McGuire
Grant W. McGuire
For   TOMPKINS, MCGUIRE, WACHENFELD & BARRY, LLP

GWM
cc:   Anthony Sylvester, Esq.
      (Via ECF and e-mail)