```
                    IN THE UNITED STATES DISTRICT COURT


                         FOR THE DISTRICT OF NEW JERSEY
                                CIVIL NO. 06-01051
NXIVM CORPORATION, formerly known as:
EXECUTIVE SUCCESS PROGRAMS, INC. and:
FIRST PRINCIPLES, INC.,               :
                       Plaintiffs,    :
       -against-                      :
                                      :
                                      :
                                      :
STEPHANIE FRANCO, et al               :
                                      :
                                      :
                       Defendants.    :
_____x
                              Newark, New Jersey
                              January 10, 2018 2:00 p.m.
B E F O R E:
       THE HONORABLE KATHARINE S. HAYDEN, U.S.D.J.
A p p e a r a n c e s:
TOMPKINS, MCGUIRE, WACHENFELD & BARRY, LLP
Attorneys for Plaintiffs NXIVM & NANCY SALZMAN
3 Becker Farm Road
Suite 402
Roseland, New Jersey 07068-1726
BY: GRANT W. MCGUIRE, ESQ.


SHERMAN WELLS SYLVESTER & STAMELMAN LLP
Attorneys for STEPHANIE FRANCO
210 Park Avenue
2nd Floor
Florham Park, New Jersey 07932
BY: ANTHONY J. SYLVESTER, ESQ.
    ANTHONY C. VALENZIANO, ESQ.
    CAITLIN T. SHADEK, ESQ.
```

---

Pursuant to Section 753 Title 28 United States Code, the following transcript is certified to be an accurate record as taken stenographically in the above-entitled proceedings.

s\ RALPH F. FLORIO
Official Court Reporter

attorney/client privilege. But I do not wish to make any representations to the Court.

I have made communications with people who have advised that Ms. Salzman is quote unquote in the loop. This information, as to Ms. Salzman not being present to testify next Tuesday, was conveyed both with the possibility that Mr. Smith would be testifying as an expert witness as well as with the-- not preconceived notion but the possibility.

THE COURT: Possibility.

MR. MCGUIRE: Possibility that he would not be testifying as has happened. So my client is armed with information under both possibilities.

THE COURT: Is your client-- I am not going to ask you a question that I know what the answer is.

I don't have a stipulation of dismissal from a client by all intensive purposes would give a stipulation of dismissal under the circumstances. I have oddly enough a representation from an officer of the court standing at the podium, Mr. Sylvester, that if there is a voluntary dismissal of the complaint there will be a voluntary dismissal of the counterclaim.

MR. SYLVESTER: That's correct.

THE COURT: Okay. In the absence of either a certification from Nancy Salzman, I know I could testify in this issue. I know that without damages being proven my case is not prosecutable. I know, I know, I know and I'm not going to be there anyway. Or a stipulation of dismissal. I want to see you all. I will have my jurors downstairs or across the hall muttering. I have told you that there will be muttering, and we'll see what happens on Wednesday.

I would prefer to have under these grave circumstances effecting a 15 year litigation that Ms. Salzman has been heavily involved in-- I rather

have her feet on the floor or not on the floor, as opposed to I think a very careful and candid representation from a lawyer whom I have great respect.  I know you don't want to lead me into error and I don't want to put you on the spot.

So we keep our date.

MR. SYLVESTER:  Your Honor, yes, to things. First, I believe it is a Tuesday date.

THE COURT:  I have to change it to Wednesday.

MR. SYLVESTER:  Okay.  That's fine.  That's good. But secondly, there's just another issue which I would like to raise.  Without running the risk of wearing out my welcome  I do want to make would be point.  And it is in the context of renewal of the application for dismissal on the following point.

What Ms. Salzman could testify about is not in fact anything that Mr. Smith could testify about.  She has made her bed with regard to her view of damages.  And that is Exhibits A, B and C.  She was 30(b)(6) on this issue.  She testified under oath already that the entirity of the universe of damages that NXIVM was seeking amounted to what flowed from Exhibits A, B and C.  There is a motion before your Honor with regard to precluding that because a record has firmly been established that there is no evidence that anyone of Exhibits A, B and C, in fact stopped going to NXIVM or refused to go.  So there is no evidence of damage in the record-- pursuant to her own testimony.

One other thing, your Honor.  That is that the exhibit list no longer-- does not have on it Exhibits A, B and C.

So I just don't want to blurt a line.  She couldn't come in and step in the shoes Mr. Smith.  Her theory is something that is entirely different.