UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

NXIVM CORPORATION, f/k/a/ EXECUTIVE
SUCCESS PROGRAMS, INC., and FIRST PRINCIPLES,
INC.,

   *Plaintiffs*,

      v.

ESTATE OF MORRIS SUTTON, ESTATE OF
ROCHELLE SUTTON, THE ROSS INSTITUTE, RCK
ROSS a/k/a/ "RICKY ROSS," STEPHANIE FRANCO,
PAUL MARTIN, PH.D., and WELLSPRING RETREAT,
INC.,

   *Counterclaim-Defendants*.

Civil No. 2:06-1051 (KSH) (CLW)

**ORDER ON MOTIONS
RAISED IN D.E. 757,
758, 787 & 795**

RICK ROSS.,

   *Counterclaim-Plaintiff*,

      v.

KEITH RANIERE, NANCY SALZMAN, KRISTIN
KEEFFE, INTERFOR, INC., JUVAL AVIV, JANE
DOE, and JOHN DOES 1-10,

   *Counterclaim-Defendants*.

     **THIS MATTER** having been brought before the Court on motion by defendant Stephanie Franco [D.E. 757] to preclude plaintiff NXIVM's damages expert, Don E. Smith, from testifying at trial, as well as to exclude his report; and Franco having also moved to exclude NXIVM's damages theory under Fed. R. Civ. P. 26 [D.E. 758]; and NXIVM having filed opposition [D.E 766]; and the Court by text order having converted the final pre-trial conference into a *Daubert* hearing, as well as a hearing to decide the Rule 26 motion [D.E. 787]; and Franco having subsequently filed a motion to dismiss for lack of prosecution under Fed. R. Civ. P. 41(b)

1

[D.E. 795]; and the Court having held the *Daubert* hearing along with oral argument on the motions on January 9 and January 10, 2018; and during oral argument NXIVM having made an application to seal the courtroom, which the Court denied; and during the *Daubert* hearing, after reviewing additional material not previously supplied by NXIVM, expert witness Don E. Smith having testified in candor to the Court that his conclusions were no longer supported by reliable data; and for the reasons stated on the record,

**IT IS** on this 23rd day of January, 2018 hereby

**ORDERED** that Franco's motion to exclude the testimony and report of Don. E. Smith [D.E. 757] is **granted** for the reasons stated on the record, which acknowledged Mr. Smith's qualifications, competence, and integrity**;** and it is further

**ORDERED** that Franco's motion to exclude NXIVM's damages theory under Fed. R. Civ. P. 26 [D.E. 758] is **denied**; and it is further

**ORDERED** that Franco's motion to dismiss for lack of prosecution [D.E. 795] is **denied** without prejudice to raising the issue again in accord with the schedule ordered by the Court, whereby Franco may file appropriate applications no later than January 24, 2018, based on the Court's *Daubert* rulings and their impact on NXIVM's damages theory, and NXIVM may file opposition no later than February 1, 2018; and it is further

**ORDERED** that the only remaining motions for this Court's disposition are raised in NXIVM's Omnibus Motion in Limine [D.E. 756 (moving brief)], [D.E. 765 (opposition brief)] and Franco's Motions in Limine Seeking Various Relief [D.E. 759 (moving brief)], [D.E. 766 (opposition brief)].

`
/s/ Katharine S. Hayden
Katharine S. Hayden, U.S.D.J.