UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CIVIL ACTION NO. 06-01051 (KSH/MF)

| | |
|---|---|
| NXIVM CORPORATION, (formerly known as EXECUTIVE SUCCESS PROGRAMS, INC.) and FIRST PRINCIPLES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> MORRIS SUTTON, ROCHELLE SUTTON, THE ROSS INSTITUTE, RICK ROSS (a/k/a "RICKY" ROSS), STEPHANIE FRANCO, PAUL MARTIN, Ph.D., AND WELLSPRING RETREAT, INC., <br><br> Defendants. | Civil Action No.: 06-cv-1051 (KSH/CLW) <br><br> **ORDER ON MOTIONS TO SEAL [DOCKET ENTRIES 828, 829 and 830]** |
| RICK ROSS, <br>     Counterclaim-Plaintiff, <br><br> -against- <br><br> KEITH RANIERE, NANCY SALZMAN, KRISTIN KEEFFE, INTERFOR, INC., JUVAL AVIV, JANE DOE, AND JOHN DOES 1-10, <br><br>     Counterclaim-Defendants. | |
| INTERFOR, INC. and JUVAL AVIV, <br>     Crossclaimants, <br> v. <br><br> NXIVM CORPORATION, KEITH RANIERE, NANCY SALZMAN and KRISTIN KEEFFE, <br>     Crossclaim Defendants. | |

This matter having been brought by way of motions to the Court by counsel for NXIVM Corporation, First Principles, Inc., and Nancy Salzman ("NXIVM Parties"), seeking Orders sealing specific documents [DE 828; DE 829 and DE 830]; and certain portions of two of these motions [DE 829 and DE 830] having been opposed by Interfor, Inc. ("Interfor"); and no other party or parties having opposed the motions; and counsel for the NXIVM Parties and Interfor having met and conferred on the subject matter of these motions and the Court having considered the factors contained in Local Rule 5.3(c)(2) and good cause appearing:

**IT IS**, on this ___21___ day of _November_, 2018;

**ORDERED** as follows:

**DOCKET ENTRY 828**

1. The Court, having considered the NXIVM Parties Motion to Seal [Docket Entry 828], pursuant to Fed. R. Civ. P. 78 and L. Civ. R. 5.3, and there being no opposition filed by the remaining parties, the Court finds that the materials addressed in the NXIVM Parties Motion to Seal at Docket Entry 828, are confidential and entitled to protection.

2. The Court further finds that the NXIVM Parties have a legitimate interest in maintaining the confidentiality of the documents and information addressed in said Motion to Seal, that the NXIVM Parties would suffer serious injury, including but not limited to potential damages in the event such information was divulged and that the public interest weighs in favor of the information remaining confidential and being sealed, and that no less restrictive alternative exists.

3. Therefore, as to the NXIVM Parties' Motion to Seal on Docket Entry 828 is ordered as **GRANTED**.

**DOCKET ENTRIES 829 and 830**

4. The Court, having similarly considered the NXIVM Parties' Motions to Seal [Docket Entries 829 and 830], pursuant to Fed. R. Civ. P. 78 and L. Civ. R. 5.3, and counsel for the NXIVM Parties and Interfor, having met and conferred and resolved their dispute associated with the portions of those motions opposed by Interfor, the Court finds that, other than as they related to the transcript of the Daubert hearings held on January 9-10, 2018 (the "Transcripts"), the materials addressed in the NXIVM Parties Motions to Seal at Docket Entries 829 and 830, are confidential and entitled to protection.

5. The Court further finds that, other than as it relates to the Transcripts, the NXIVM Parties have a legitimate interest in maintaining the confidentiality of the documents and information addressed in the Motions to Seal under Docket Entries 829 and 830, that the NXIVM Parties would suffer serious injury, including but not limited to potential damages in the event such information was divulged and that the public interest weighs in favor of the information remaining confidential and being sealed, and that no less restrictive alternative exists.

6. Therefore, other than as related to the Transcripts (as addressed below), the NXIVM Parties Motions to Seal on Docket Entries 829 and 830 are **GRANTED**.

**TRANSCRIPT REDACTIONS**

7. Those parts of the NXIVM Parties Motions to Seal at Docket Entries 829 and 830 that relate to the Transcripts are granted in part and denied in part as follows:

The Transcripts will be unsealed but for the following redactions:

January 9, 2018 Transcript
- 88:21 - the number only
- 89:4 – the number only
- 89:9 – the number only

2

- 89:10 – the number only
- 89:20 – the number only
- 90:9 – the number only
- 90:14 – the number only
- 90:16 – the number only
- 90:23 – the number only
- 91:1 – the number only
- 112:9 – the number only
- 112:13 – the number only
- 113:1 – the number only
- 113:5 – the number only
- 113:8 – the number only
- 120:4-6 – from "Presumed" to "too?"
- 120:13-121:14 – from "Mr. Smith" to "right now."

<u>January 10, 2018 Transcript</u>
- No redactions.

8. Nothing in this Order shall be construed as a waiver by Interfor of its rights to seek, for good cause shown, an order from this Court unsealing any documents sealed pursuant hereto.

9. Counsel for the NXIVM Parties shall e-file the Transcripts, redacted, in accordance with this Order within ten (10) days of the entry of this Order.

SO ORDERED.

*s/Cathy L. Waldor*

Hon. Cathy Waldor, U.S.M.J.