

**PETER L. SKOLNIK LLC**

August 27, 2019

VIA ECF

Honorable Mark Falk, U.S.M.J.
United States District Court
United States Post Office & Courthouse
1 Federal Square
Newark, NJ 07102

    **Re:**    **NXIVM v. The Ross Institute, et al.**
             **Docket No. 06-cv-01051 (DMC)**

Dear Judge Falk:

I assume you are aware of the recent criminal convictions of Keith Raniere, Nancy Salzman, Clare Bronfman and other NXIVM leaders. In the aftermath of those convictions, I have received various media requests for copies of the deposition transcripts of Raniere and Salzman, large portions of which have been designated as "confidential" under the March 9, 2007 Discovery Confidentiality Order entered in this case. For Your Honor's reference, a copy of the Order is attached. Under Paragraph 16 of the Order, the Court retains jurisdiction for its enforcement after conclusion of the action.

Raniere was convicted by a jury on several counts, including racketeering and sex trafficking. Salman pleaded guilty. According to a report in the Albany Times Union on March 3, 2019, "Salzman admitted to conspiring to commit two criminal acts: hacking into email accounts of the group's enemies — who were not named in court — and altering a videotape of NXIVM instructional sessions *during a federal civil lawsuit that pitted the group against the Ross Institute, which is operated by cult tracker Rick Ross*, who works to alert the public to the dangers of cults." Emphasis added.

Paragraph A.1 of the Order authorizes confidential treatment of "Discovery Material that . . . contains or constitutes confidential business, financial, or other sensitive information, including but not limited to proprietary business information, trade secrets and marketing plans, and information of a sensitive personal or private nature."

This letter is intended to constitute notice, under Paragraph 9 of the Order, of my intention publicly to file all deposition transcripts of Keith Raniere and Nancy Salzman. Paragraph 9 provides "A party who wishes to publicly file any materials designated "Confidential" with a court shall give all other parties ten (10) business days' notice of their intention to do so before the public filing with the court. . . . Any party seeking to maintain the confidentiality of any such materials shall

apply to the court for a sealing order in accordance with Local Rule 5.3 (c)[1]. . . . If no such application is made within the applicable ten (10) business day period, the documents may be publicly filed. If such an application is made within the applicable ten (10) business day period, the documents shall not be publicly filed unless the application is decided adversely to the party seeking the sealing order."

Thank you for your attention to this matter.

Respectfully submitted,

*Peter L. Skolnik*
Peter L. Skolnik, LLC
963 Belvidere Avenue
Plainfield, NJ 07060
*Attorney for Rick Ross and the Ross Institute*

cc: All counsel via ECF

---

[1] Local Rule 5.3 (c)(3) requires a party seeking a sealing order to describe "with particularity," *inter alia*, "the legitimate private or public interest which warrant the relief sought," and "the clearly defined and serious injury that would result if the relief sought is not granted."

03/08/2007 09:50 FAX
Case 2:06-cv-01051-KSH-CLW Document 843 Filed 08/27/19 Page 3 of 14 PageID: 20427
Case 2:06-cv-01051-DMC-MF Document 81 Filed 03/09/2007 Page 1 of 12

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NXIVM CORPORATION f/k/a EXECUTIVE SUCCESS PROGRAMS, INC. and FIRST PRINCIPLES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> MORRIS SUTTON, ROCHELLE SUTTON, THE ROSS INSTITUTE, RICK ROSS a/k/a "RICKY" ROSS, STEPHANIE FRANCO, PAUL MARTIN, Ph.D. and WELLSPRING RETREAT, INC., <br><br> Defendants. | No. 06 CV 01051 (DMC/MF) |
| RICK ROSS, <br><br> Counterclaim-Plaintiff, <br><br> v. <br><br> NXIVM CORPORATION, KEITH RANIERE, NANCY SALZMAN, KRISTIN KEEFFE, INTERFOR, INC., JUVAL AVIV, ANNA MOODY, JANE DOE and JOHN DOES 1-10, <br><br> Counterclaim-Defendants. | **DISCOVERY CONFIDENTIALITY ORDER** |

This matter having been opened to this Court ("the Court") by motion of Plaintiffs seeking a Protective Order pursuant to Local Rule 5.3 on notice to all counsel; and the Court having considered the papers submitted by the parties in support of and in opposition to the motion; and for good cause shown and for the reasons set forth on the record,

IT IS on this 7 day of ~~February~~ March 2007,

ORDERED that the following provisions shall govern the handling of all documents, deposition testimony, interrogatory answers, responses to requests for admissions, and other information, whether in hard copy or electronic form, including, but not limited to, all copies, excerpts, and summaries thereof produced, given, or filed by any party or non-party during the course of discovery in this action (collectively, "Discovery Material"):

A. Discovery Material Entitled to Designation; Method of Designation

1. Any party or non-party may designate as "Confidential" under the terms of this Order any Discovery Material that the party or third-party believes, in good faith and upon consultation with counsel, contains or constitutes confidential business, financial, or other sensitive information, including but not limited to proprietary business information, trade secrets, and marketing plans, and information of a sensitive personal or private nature.

2. Discovery Material shall be designated "Confidential" by stamping each page thereof with the legend "Confidential" at the time of production, and may subsequently be designated "Confidential" and treated as "Confidential" in accordance with the provisions of Paragraph 5 hereof (in which event, if the Discovery Material consists of documents to which a serial number had previously been applied by the producing person or party, the written notice given pursuant to Paragraph 5 hereof may designate the document by serial number as "Confidential"). With respect to multi-page documents which contain confidential information, the designation may be made by stamping only the first page thereof "Confidential." If testimony qualifies for "Confidential" treatment in accordance with Paragraph 1 hereof, a party may

2

0109/54239-005 Current/9252422v11                                  02/21/2007 05:17 PM

designate such testimony "Confidential" by stating on the record that such testimony is "Confidential" at the time it is given, or by written notice within fifteen (15) days after a volume of transcript is delivered, designating the specific pages and lines of the transcript where such "Confidential" information appears.

3. Any copies or reproductions of documents containing Discovery Material that has been designated "Confidential", or those portions of any documents that summarize or otherwise contain Discovery Material that has been designated "Confidential," also will be treated as "Confidential" in accordance with the provisions of this Order.

4. All Discovery Material produced in this action that is not designated as "Confidential" shall be treated by all the parties to this action as "Confidential" for a period of fifteen (15) days, in order to give all of the parties time to request that the Discovery Material be designated as "Confidential." If no such request is made within fifteen (15) days, the Discovery Material shall not be treated as "Confidential."

5. The failure to designate Discovery Material as "Confidential" will not be deemed a waiver of any claim of confidentiality with respect thereto, and the same thereafter may be designated "Confidential" by supplemental written notice. It will not, however, be deemed a violation of this Confidentiality Order to have disclosed, in a manner inconsistent with this Confidentiality Order, information not designated as "Confidential" that is subsequently designated "Confidential." Any further disclosure after such designation has been made shall be deemed a violation provided, however, that if a subsequent challenge is sustained pursuant to Paragraph 13, disclosure subsequent to the resolution of such challenge shall not be deemed a

3

violation.

    B.    <u>Restrictions on Use and Disclosure of Material Designated "Confidential"</u>

        6.    Discovery Material designated "Confidential" will be used by the receiving party solely for the purpose of prosecuting and/or defending this action and for no other purpose.

        7.    Except with the prior written consent of the producing party or prior order of the Court, information designated "Confidential" shall be disclosed only to the persons described in paragraphs (a) through (h), below.

    (a)    the Court (including any court hearing an appeal therefrom) including Court personnel, and any persons designated by the Court;

    (b)    any court called upon to enforce or quash a subpoena issued in connection with this action;

    (c)    the parties and employees thereof reasonably needed to assist in the preparation or trial of this action;

    (d)    counsel retained by the parties, including in-house counsel, and necessary clerical, paralegal, and secretarial personnel assisting such counsel;

    (e)    court reporters and videographers employed in connection with this action;

    (f)    experts or consultants and their staff retained to assist counsel in this action and/or to give expert testimony at any hearing;

    (g)    potential fact witnesses, to the extent reasonably necessary, in connection with their testimony or in preparation thereof; and

4

(h)   witnesses who appear at any hearing in this action, but only to the extent that disclosure occurs during such hearing.

8.   Before a person in paragraphs 7(f) or (g) of this Order is provided access to Discovery Materials designated "Confidential," that person will be provided with a copy of this Order and will execute an undertaking to be bound by this Order in the form attached hereto as Exhibit A. Either party may apply to the Court for leave to vary the terms of this paragraph 8 with respect to any witnesses referred to in paragraph 7.

9.   A party who wishes to publicly file any materials designated "Confidential" with a court shall give all other parties ten (10) business days' notice of their intention to do so before the public filing with the court. If the filing party does not give prior notice of that party's intent to publicly file such materials before providing them to the court, the filing party will submit the materials to the court *in camera* for a period of ten (10) business days or until all other parties have waived their right to make a motion for a sealing order. If the filing party gives some advance notice of that party's intent to publicly file such materials before providing them to the court, but less than ten (10) business days notice of such intent, the ten (10) business day period during which the materials shall remain *in camera* shall be reduced by an equivalent number of business days corresponding to the amount of advance notice so that all other parties shall still have a total of ten (10) business days notice prior to the public filing. Any party seeking to maintain the confidentiality of any such materials shall apply to the court for a sealing order in accordance with Local Rule 5.3(c) (or such other local rule as may be applicable

in any such court) before the expiration of the applicable period. If no such application is made within the applicable ten (10) business day period, the documents may be publicly filed. If such an application is made within the applicable ten (10) business day period, the documents shall not be publicly filed unless the application is decided adversely to the party seeking the sealing order.

C.  **Other Provisions**

10. The parties will give reasonable notice (i.e., no less than fifteen (15) business days) to all other parties (and, if applicable, the producing non-party) of their intent to introduce at trial any Discovery Material designated as "Confidential."

11. Within sixty (60) days of the final disposition of this action, including any appeal, each person or party who received Discovery Material designated as "Confidential" from another party or other person or entity will (i) destroy all Discovery Material designated as "Confidential" produced to him, her or it; or (ii) return to the producing party all Discovery Material designated as "Confidential" received by him, her or it. If documents are destroyed, certification will be provided by counsel (if by a party) or by such other person or entity within sixty (60) days of the final disposition of this proceeding.

12. This Order will not be construed as a waiver by any party or non-party of any objections to the production of documents, materials or information, of any privilege recognized by law or of the right to challenge Discovery Material designated as "Confidential" as not being confidential and therefore not subject to the restrictions of this Order.

13. Should any party to this action believe that any Discovery Material should

6

not have been designated as "Confidential" pursuant to this Order, counsel for the parties shall confer and make good-faith efforts to resolve any such issue without the need for intervention by the Court. Should such efforts prove unsuccessful, the party challenging the "Confidential" designation may seek permission of the Court to bring a motion or otherwise apply for a ruling on any unresolved issues, but the party seeking confidentiality shall have the burden of justifying the "Confidential" designation. Pending such ruling, the Discovery Material for which the "Confidential" designation is challenged will retain the "Confidential" designation and continue to be treated as "Confidential" in accordance with the terms of this Order. A party shall not be obligated to challenge the propriety of a "Confidential" designation at the time that it is made, and a failure to do so shall not preclude a subsequent challenge to any such designation.

14. This Order may be modified by subsequent agreement of the parties, but only in a written agreement signed by the parties or their counsel and submitted to the Court.

15. The foregoing is without prejudice to the right of any party hereto to apply to the Court for a further protective order relating to any documents and/or information provided pursuant to this Order.

16. The provisions and terms of this Order will not terminate at the conclusion of this action and the Court will retain jurisdiction for the purposes of enforcement of this Order.

17. Nothing herein will prevent either party from making whatever use of its own confidential documents and/or information that it wishes.

18. Non-parties producing documents, materials or information in this action may avail themselves of the confidential treatment provided for in this Order for their documents,

7

materials, and information by following the procedures provided herein. Non-parties availing themselves of the confidential treatment provided for in this Order will be entitled to all the rights to which the parties themselves are entitled hereunder.

_____
HONORABLE MARK FALK, U.S.M.J.

Stipulated as to form:

| | |
|---|---|
| PROSKAUER ROSE LLP | WOLFF & SAMSON PC |
| | |
| Scott A. Eggers, *pro hac vice* <br> Douglas C. Rennie, *pro hac vice* <br> 1585 Broadway <br> New York, NY 10036 <br> (212) 969-3000 | Gage Andretta, Esq. <br> One Boland Drive <br> West Orange, NJ 07052 <br> (973) 325-1500 |
| *Attorneys for Plaintiffs* | *Attorneys for Plaintiffs* |
| LOWENSTEIN SANDLER PC | MARTLAND AND BROOKS LLP |
| Peter L. Skolnik, Esq. <br> Michael A. Norwick, Esq. <br> 65 Livingston Avenue <br> Roseland, NJ 07068 <br> (973) 597-2500 | Douglas M. Brooks, *pro hac vice* <br> 225 Franklin Street, 16th Floor <br> Boston, MA 02110 <br> (617) 742-9720 |
| *Attorneys for Defendants Rick Ross, The Ross Institute, Paul Martin Ph.D., and Wellspring Retreat Inc. and Counterclaim-Plaintiff Rick Ross* | *Attorneys for Defendants Rick Ross, The Ross Institute, Paul Martin Ph.D., and Wellspring Retreat Inc. and Counterclaim-Plaintiff Rick Ross* |
| FRIEDMAN KAPLAN SEILER & ADELMAN LLP | RIKER DANZIG SCHERER HYLAND & PERRETTI LLP <br> /s/ Anthony J. Sylvester |
| Robert J. Lack, Esq. <br> Heather J. Windt, *pro hac vice* <br> One Gateway Center, 25th Floor <br> Newark, NJ 07102-5311 <br> (973) 297-4700 | Anthony J. Sylvester, Esq. <br> Harold L. Kofman, Esq. <br> Headquarters Plaza, One Speedwell Avenue <br> Morristown, NJ 07962 <br> (973) 538-0800 |
| *Attorneys for Counterclaim-Defendants Interfor, Inc., Juval Aviv, and Anna Moody* | *Attorneys for Defendants Morris Sutton, Rochelle Sutton, and Stephanie Franco* |

Stipulated as to form:

PROSKAUER ROSE LLP

*[signature]*

Scott A. Eggers, pro hac vice
Douglas C. Rennie, pro hac vice
1585 Broadway
New York, NY 10036
(212) 969-3000

*Attorneys for Plaintiffs*

LOWENSTEIN SANDLER PC

*[signature]*

Peter L. Skolnik, Esq.
Michael A. Norwick, Esq.
65 Livingston Avenue
Roseland, NJ 07068
(973) 597-2500

*Attorneys for Defendants Rick Ross, The Ross Institute, Paul Martin Ph.D., and Wellspring Retreat Inc. and Counterclaim-Plaintiff Rick Ross*

FRIEDMAN KAPLAN SEILER &
ADELMAN LLP

*[signature]*

Robert J. Lack, Esq.
Heather J. Windt, pro hac vice
One Gateway Center, 25th Floor
Newark, NJ 07102-5311
(973) 297-4700

*Attorneys for Counterclaim-Defendants Interfor, Inc., Juval Aviv, and Anna Moody*

WOLFF & SAMSON PC

*[signature]*

Gage Andretta, Esq.
One Boland Drive
West Orange, NJ 07052
(973) 325-1500

*Attorneys for Plaintiffs*

MARTLAND AND BROOKS LLP

Douglas M. Brooks  by M.ael A. Z.

Douglas M. Brooks, pro hac vice
225 Franklin Street, 16th Floor
Boston, MA 02110
(617) 742-9720

*Attorneys for Defendants Rick Ross, The Ross Institute, Paul Martin Ph.D., and Wellspring Retreat Inc. and Counterclaim-Plaintiff Rick Ross*

RIKER DANZIG SCHERER HYLAND &
PERRETTI LLP

Anthony J. Sylvester, Esq.
Harold L. Kofman, Esq.
Headquarters Plaza, One Speedwell Avenue
Morristown, NJ 07962
(973) 538-0800

*Attorneys for Defendants Morris Sutton, Rochelle Sutton, and Stephanie Franco*

Exhibit A

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NXIVM CORPORATION f/k/a EXECUTIVE SUCCESS PROGRAMS, INC. and FIRST PRINCIPLES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> MORRIS SUTTON, ROCHELLE SUTTON, THE ROSS INSTITUTE, RICK ROSS a/k/a "RICKY" ROSS, STEPHANIE FRANCO, PAUL MARTIN, Ph.D. and WELLSPRING RETREAT, INC., <br><br> Defendants. | No. 06 CV 01051 (DMC/MF) |
| RICK ROSS, <br><br> Counterclaim-Plaintiff, <br><br> v. <br><br> NXIVM CORPORATION, KEITH RANIERE, NANCY SALZMAN, KRISTIN KEEFFE, INTERFOR, INC., JUVAL AVIV, ANNA MOODY, JANE DOE and JOHN DOES 1-10, <br><br> Counterclaim-Defendants. | |

**UNDERTAKING CONCERNING CONFIDENTIAL MATERIAL COVERED BY THE ORDER OF CONFIDENTIALITY DATED _____, 2007**

I certify that I have read the Discovery Confidentiality Order dated _____,

2007 in this action, that I understand the terms thereof, that I agree to be bound by such terms, that I

agree to submit to the jurisdiction of the Court with respect to the enforcement of the Discovery

Confidentiality Order and this undertaking, and that my signature below is to be deemed the same and

have the full force and effect as if my signature appeared on the original Discovery Confidentiality Order. I certify that the foregoing is true and correct.

Executed on _____ [Date]

[Signature] _____

[Print Name] _____