Robert J. Lack
Andrew M. Englander
FRIEDMAN KAPLAN SEILER & ADELMAN LLP
One Gateway Center, 25th Floor
Newark, NJ 07102-5311
(973) 877-6400
*Attorneys for Crossclaim Plaintiff Interfor, Inc.*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---------------------------------------------------------------------------------x
NXIVM CORPORATION, formerly known as EXECUTIVE : 
SUCCESS PROGRAMS, INC. and FIRST PRINCIPLES, INC., :
  :
             Plaintiffs, : Civil Action No. 2:06-cv-01051
  : (KSH/CLW)
         - against - :
  :
MORRIS SUTTON, ROCHELLE SUTTON, THE ROSS :
INSTITUTE, RICK ROSS a/k/a "RICKY" ROSS, STEPHANIE : Hon. Katharine S. Hayden, U.S.D.J.
FRANCO, PAUL MARTIN, Ph.D., and WELLSPRING RETREAT, : Hon. Cathy L. Waldor, U.S.M.J.
INC., :
  : Motion Day: October 7, 2019
             Defendants. :
---------------------------------------------------------------------------------x
RICK ROSS, : **CROSSCLAIM PLAINTIFF**
  : **INTERFOR, INC.'S BRIEF IN**
             Counterclaim-Plaintiff, : **OPPOSITION TO MOTIONS**
  : **TO WITHDRAW AS COUNSEL**
         - against - : **FOR NXIVM CORP.**
  : **(D.E. 847, 848)**
KEITH RANIERE, NANCY SALZMAN, :
KRISTIN KEEFFE, INTERFOR, INC., :
JUVAL AVIV, JANE DOE and JOHN DOES 1-10, :
  :
             Counterclaim-Defendants. :
---------------------------------------------------------------------------------x
INTERFOR, INC. and JUVAL AVIV, :
  :
             Crossclaimants, :
  :
         - against - :
  :
NXIVM CORPORATION, KEITH RANIERE, :
NANCY SALZMAN and KRISTIN KEEFFE, :
  :
             Crossclaim Defendants. :
---------------------------------------------------------------------------------x

3467591.1

## **TABLE OF CONTENTS**

*Page*

TABLE OF AUTHORITIES .................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................1

ARGUMENT ...............................................................................................................................2

    I.    WITHDRAWAL WILL PREJUDICE INTERFOR, RISK FURTHER DELAY, AND SHOULD NOT BE PERMITTED ON THE GROUND THAT NXIVM IS NO LONGER IN OPERATION ...............................................2

    II.    THE COURT SHOULD DECLINE TO PERMIT ANY TRANSFER OF NXIVM PROPERTY WHILE INTERFOR'S JUDGMENT REMAINS UNSATISFIED .................................................................................................5

CONCLUSION ............................................................................................................................7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*McKowan Lowe & Co. v. Jasmine, Ltd.*,
   2005 WL 6269793 (D.N.J. Sept. 12, 2005) ...........................................................................2, 4

*One Hundred Pearl Ltd. v. Vantage Sec., Inc.*,
   887 F. Supp. 636 (S.D.N.Y. 1995)..............................................................................................7

*Rusinow v. Kamara*,
   920 F. Supp. 69 (D.N.J. 1996) ....................................................................................................3

*TD Bank, N.A. v. Coppolino*,
   2010 WL 11626968 (E.D.N.Y. Sept. 30, 2010) .........................................................................6

**Other Authorities**

Local Civ. R. 102.1.1 .......................................................................................................................2

N.J. Ct. R. 1:28A-2 ..........................................................................................................................5

N.J. R. of Prof'l Conduct 1.16(c).....................................................................................................2

N.Y. DEBT. & CREDIT. LAW § 273-a..........................................................................................6, 7

N.Y. DEBT. & CREDIT. LAW § 278.................................................................................................6

**PRELIMINARY STATEMENT**

After nearly 12 years of litigation on a claim by Interfor, Inc. ("Interfor") against NXIVM Corporation ("NXIVM") for breach of a one-and-a-half-page indemnity agreement, NXIVM's current lead attorney, Robert D. Crockett of Crockett & Associates, and its local counsel, Brian M. English of Tompkins, McGuire, Wachenfeld & Barry LLP ("Tompkins McGuire") have moved to withdraw. Interfor respectfully opposes these motions for the reasons discussed below.

On August 26, 2019, this Court issued an opinion in favor of Interfor on its contractual indemnity claim and entered judgment in the amount of over $1.3 million (the "August 26 Judgment and Order"). The Court also directed Interfor to submit a supplemental filing by September 24, 2019 setting forth the attorneys' fees and costs it seeks to recover for work completed by Interfor's counsel after May 31, 2017 and proposing a calculation of prejudgment interest. NXIVM's response to that submission, should it choose to make one, is due by October 15, 2019. Permitting counsel to withdraw in advance of that October 15, 2019 deadline – or in advance of entry of a final judgment in this case – will prejudice Interfor and will risk further delay if NXIVM requests time to find new attorneys – which would be its twelfth counsel in this case.[1] Moreover, although NXIVM may have ceased some of its operations, its counsel in the federal criminal case against its "Vanguard," Keith Raniere, recently certified that NXIVM is neither dissolved nor defunct. As such, the Crockett firm's few unsuccessful attempts to contact NXIVM for guidance do not establish good cause to withdraw.

---

[1] The history of NXIVM's repeated substitutions of counsel in this action prior to Mr. Crockett's appearance for NXIVM is set forth in Stephanie Franco's memorandum of law in opposition to Mr. Crockett's *pro hac vice* admission (D.E. 672), at 4-5.

3467591.1

Interfor also opposes that portion of Tompkins McGuire's motion seeking authorization to transfer $50,000 held by the firm on NXIVM's behalf in an IOLTA trust account. Those funds are NXIVM property, and as such they are subject to enforcement actions by Interfor. Moreover, the funds appear to have been transferred for unspecified future services while NXIVM was a crossclaim defendant in this case, making the transfer subject to recovery as a fraudulent conveyance under New York law. The Court should therefore decline to permit any transfers of NXIVM property until judgment is satisfied.

## ARGUMENT

**I.   WITHDRAWAL WILL PREJUDICE INTERFOR, RISK FURTHER DELAY, AND SHOULD NOT BE PERMITTED ON THE GROUND THAT NXIVM IS NO LONGER IN OPERATION**

Although NXIVM's filing in response to the Court's August 26 Judgment and Order is not due until October 15, 2019, Tompkins McGuire and Crockett & Associates seek to withdraw as counsel for NXIVM now on the basis that Mr. Crockett's firm has not yet succeeded – apparently after only a few attempts – in contacting NXIVM representatives for guidance, and that they do not expect to receive any guidance because "NXIVM is no longer in operation." (Crockett Decl. [D.E. 848-1] ¶ 4; Tajima Decl. [D.E. 848-2] ¶ 3; English Decl. [D.E. 847-1] ¶¶ 7-9.) At this late date, neither firm has satisfied its burden to justify withdrawal as counsel.

Unless other counsel is substituted, counsel may withdraw only with leave, and permission to withdraw is entirely within this Court's discretion. *McKowan Lowe & Co. v. Jasmine, Ltd.*, 2005 WL 6269793, at *1 (D.N.J. Sept. 12, 2005) (citing L. Civ. R. 102.1.1 and N.J. R. of Prof'l Conduct 1.16(c)). "In granting or denying a motion to withdraw, a court will consider factors such as: ([a]) the reasons why withdrawal is sought; (b) the prejudice withdrawal may cause to other litigants; (c) the harm withdrawal might cause to the administration of justice; and (d) the degree to which withdrawal will delay the resolution of the case." *Rusinow v.*

2

3467591.1

*Kamara*, 920 F. Supp. 69, 71 (D.N.J. 1996).  Here, all the relevant factors weigh against withdrawal.

Withdrawal now would prejudice Interfor, which has been waiting since November 7, 2007 – the date Interfor filed its crossclaim – for final resolution of its contractual indemnification claim against NXIVM.  In that time, NXIVM and its counsel have succeeded in delaying this case by multiplying the proceedings unreasonably and vexatiously – including through means that were recently cited by this Court.[2]  Permitting NXIVM's attorneys to withdraw now, with the end finally in sight, would give NXIVM an opening to once again attempt to delay the proceedings and the entry of final judgment by seeking to stay the case until it can (once again) find new attorneys.

NXIVM can choose to make a filing on October 15 in response to the Court's August 26 Judgment and Order or it can choose not to.  But NXIVM should not be given an opening to argue for further delay by claiming it was unrepresented.  This potential for prejudice to Interfor and the possibility of further delay are reason enough, on their own, to deny the Motions.  *See Rusinow*, 920 F. Supp. at 72 (denying motion where withdrawal would "delay the resolution of th[e] case" and "also interfere with the rights of the [opposing party] in this action").

Although Mr. English states that "on November 30, 2018, Nancy Salzman informed [Tompkins McGuire] in writing that the Firm's services would no longer be needed going forward and that she was formally discharging the Firm" (English Decl. [D.E. 847-1] ¶ 3), Mr. English was content to continue representing NXIVM for almost a year after receiving that

---

[2]  *See* Opinion [D.E. 841] at 13-14 (describing how, on the eve of trial, NXIVM abandoned factual claims that it had vigorously asserted for nearly 10 years, including in opposition to Interfor's motion for summary judgment, and changed course to assert solely legal defenses that could have been resolved on the papers years earlier).

3

notice, and he therefore cannot demonstrate why withdrawal is required now, prior to the entry of final judgment.  Furthermore, Tompkins McGuire's presence as local counsel is required for Mr. Crockett to be admitted *pro hac vice*, and Mr. Crockett expressly states that he has received no discharge notice from NXIVM.  (Crockett Decl. [D.E. 848-1] ¶ 2.)

Moreover, Crockett & Associates has not sufficiently demonstrated that NXIVM's apparent unresponsiveness to its few outreach attempts is cause for withdrawal.  *See McKowan Lowe & Co.*, 2005 WL 6269793, at *1 (denying motion to withdraw notwithstanding that the attorney "has clearly had difficulty communicating with his client").  Indeed, although NXIVM's attorneys here argue that further representation is futile because "NXIVM is no longer in operation," just a few months ago attorneys on NXIVM's behalf made substantial filings for NXIVM, and responded to subpoenas, in the context of Raniere's criminal trial.

In that case, NXIVM recently argued to Judge Garaufis in the Eastern District of New York that it is "is neither dissolved, nor defunct," and that it should be permitted to assert attorney-client privilege over certain documents at issue in Raniere's trial.  (NXIVM Apr. 25, 2019 Br. [D.E. 585, 18-cr-204 (E.D.N.Y.) (redacted)] at 1, 5-8 (attached hereto as Ex. 1).)  In a sworn declaration filed on April 25, 2019, Michael J. Sullivan of the Ashcroft Law Firm,[3] counsel for NXIVM in Raniere's case, wrote:

> Although the corporation has suspended its[] offering of trainings to clients, in light of the serious charges that were brought against NXIVM's founders and several NXIVM-affiliated individuals, other day-to-day operations of the business have continued, such as: (1) maintaining certain business practices;
> (2) responding to grand jury subpoenas by the government as recently as March 4, 2019; (3) retaining accountants and attorneys to provide services on its behalf;

---

[3]  Neither Messrs. English nor Crockett state that they attempted to reach out to Mr. Sullivan prior to submitting their motions to withdraw.  In fact, Mr. English suggests in his declaration that nobody from his firm attempted to contact NXIVM directly at all (English Decl. [D.E. 847-1] ¶¶ 7-8, and all Crockett & Associates explains is that an associate at the firm – not Mr. Crockett himself – attempted to contact Ms. Salzman and unidentified "long-time" firm contacts at NXIVM (Tajima Decl. [D.E. 848-2] ¶ 3).

> (4) being billed for and paying normal operating costs; (5) maintaining files, storage facilities, operating systems, domain names; (6) preparing and filing tax returns; (7) having an existing board and held a board meeting in December. The Corporation has not been dissolved, and is not defunct; rather, it continues to meet its obligations. Nor am I aware that it is a bankrupt entity.

(Sullivan Decl. [D.E. 585-1, 18-cr-204 (E.D.N.Y.)] ¶ 11 (attached hereto as Ex. 2).)

Importantly, Judge Garaufis accepted NXIVM's representations and allowed NXIVM to assert privilege over certain of the documents in question. (May 10, 2019 Order [D.E. 640, 18-cr-204 (E.D.N.Y.) (redacted)] at 5-6 (attached hereto as Ex. 3).) NXIVM having succeeded in convincing one federal court that it continues in operation, this Court should be skeptical of NXIVM's attorneys' assertion of an irreconcilably inconsistent position.

## II. THE COURT SHOULD DECLINE TO PERMIT ANY TRANSFER OF NXIVM PROPERTY WHILE INTERFOR'S JUDGMENT REMAINS UNSATISFIED

Tompkins McGuire also asks the Court to authorize the transfer of $50,000 held in an IOLTA trust account on NXIVM's behalf to the firm's coffers in partial satisfaction of its final bill in this matter. (English Decl. [D.E. 847-1] ¶¶ 11-12.) This Court, however, recently entered judgment in Interfor's favor in the amount of $1,369,157.51, subject to increase based on, among other things, the calculation of prejudgment interest. (August 26 Judgment and Order [D.E. 842] at 2.) For so long as that judgment remains unsatisfied, Interfor opposes Tompkins McGuire's request.

Funds held by a firm in an IOLTA trust account are the property of the client, held separately from the firm's own operating funds. *See* N.J. Ct. R. 1:28A-2 (noting that funds placed into an IOLTA trust account are "clients' funds"). As such, the $50,000 in question will be subject to enforcement by Interfor, such as by levy, attachment, or turnover. The Court should not permit Tompkins McGuire (or anyone else) to transfer NXIVM property while there remains a federal court judgment outstanding against NXIVM.

5

3467591.1

Moreover, Mr. English has stated that the $50,000 in question "was placed in an IOLTA trust account on March 26, 2008, with the expectation that the $50,000 would be applied towards the firm's final bill in this matter." (English Decl. [D.E. 847-1] ¶ 11.) As such, the transfer by NXIVM to Tompkins McGuire bears all the hallmarks of a fraudulent transfer under Section 273-a of the New York Debtor and Creditor Law,[4] which provides as follows:

> Every conveyance made without fair consideration when the person making it is a defendant in an action for money damages or a judgment in such an action has been docketed against him, is fraudulent as to the plaintiff in that action without regard to the actual intent of the defendant if, after final judgment for the plaintiff, the defendant fails to satisfy the judgment.

N.Y. DEBT. & CRED. LAW § 273-a (McKinney).  Accordingly, Interfor will have the right to have the conveyance set aside, annulled, or disregarded to the extent necessary to satisfy its judgment. *Id.* § 278.

"A plaintiff seeking to prevail on a claim under [Section 273-a] must establish three elements: the conveyance was made without fair consideration; at the time of transfer, the transferor was a defendant in an action for money damages or a judgment in such action had been docketed against him; and a final judgment has been rendered against the transferor that remains unsatisfied."  *TD Bank, N.A. v. Coppolino*, 2010 WL 11626968, at *4 (E.D.N.Y. Sept. 30, 2010).

Mr. English's declaration establishes that the transfer was made "without fair consideration" because it was a payment for unspecified future legal services.  (English Decl. [D.E. 847-1] ¶ 3 (noting that NXIVM transferred $50,000 to the IOLTA trust account in March 2008 to be "applied towards the firm's final bill in this matter").)  It is well settled under New

---

[4] Interfor has the option of registering its judgment in New York and commencing enforcement proceedings in the state where NXIVM is principally located.

6

3467591.1

York law that "promises to provide future services are insufficient to serve as adequate consideration under New York's Debtor and Creditor Law." *One Hundred Pearl Ltd. v. Vantage Sec., Inc.*, 887 F. Supp. 636, 640 (S.D.N.Y. 1995) (citing cases); *accord HBE Leasing Corp. v. Frank*, 61 F.3d 1054, 1060 (2d Cir. 1995) (bonds transferred to attorneys to secure payment of future legal fees set aside as constructively fraudulent under Section 273-a). At the time the conveyance in question was made, NXIVM was a crossclaim defendant in this case, and NXIVM has not satisfied the judgment. Accordingly, all the elements of a Section 273-a claim are present.

Interfor therefore respectfully requests that the Court decline to authorize the transfer of any NXIVM property held in trust by NXIVM's attorneys as payment for future legal services until NXIVM has satisfied the judgment in this case.

## CONCLUSION

For the foregoing reasons, Tompkins McGuire's motion to withdraw as counsel and to apply funds to outstanding bills, and Crockett & Associates' motion to withdraw as counsel, should be denied.

Dated:   Newark, New Jersey
         September 23, 2019

                                        FRIEDMAN KAPLAN SEILER &
                                           ADELMAN LLP


                                        s/ Andrew M. Englander
                                        Robert J. Lack
                                        Andrew M. Englander
                                        One Gateway Center, 25th Floor
                                        Newark, NJ 07102-5311
                                        (973) 877-6400

                                        *Attorneys for Crossclaim Plaintiff Interfor, Inc.*