Robert J. Lack
Andrew M. Englander
FRIEDMAN KAPLAN SEILER & ADELMAN LLP
One Gateway Center, 25th Floor
Newark, NJ 07102-5311
(973) 877-6400
*Attorneys for Crossclaim Plaintiff Interfor, Inc.*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

------------------------------------------------------------------------------------x
NXIVM CORPORATION, formerly known as EXECUTIVE : 
SUCCESS PROGRAMS, INC. and FIRST PRINCIPLES, INC., :
:
                        Plaintiffs, :   Civil Action No. 2:06-cv-01051
:   (KSH/CLW)
        - against - :
:
MORRIS SUTTON, ROCHELLE SUTTON, THE ROSS :
INSTITUTE, RICK ROSS a/k/a "RICKY" ROSS, STEPHANIE :   Hon. Katharine S. Hayden, U.S.D.J.
FRANCO, PAUL MARTIN, Ph.D., and WELLSPRING RETREAT, :   Hon. Cathy L. Waldor, U.S.M.J.
INC., :
:   Motion Day: April 6, 2020
                        Defendants. :
----------------------------------------------------------------------------------- x
RICK ROSS, : **CROSSCLAIM PLAINTIFF**
: **INTERFOR, INC.'S BRIEF IN**
                Counterclaim-Plaintiff, : **OPPOSITION TO TOMPKINS**
: **MCGUIRE'S MOTION**
        - against - : **TO WITHDRAW AS COUNSEL**
: **AND APPLY FUNDS TO**
KEITH RANIERE, NANCY SALZMAN, : **OUTSTANDING BILLS**
KRISTIN KEEFFE, INTERFOR, INC., :
JUVAL AVIV, JANE DOE and JOHN DOES 1-10, :
:
                Counterclaim-Defendants. :
----------------------------------------------------------------------------------- x
INTERFOR, INC. and JUVAL AVIV, :
:
                Crossclaimants, :
:
       - against - :
:
NXIVM CORPORATION, KEITH RANIERE, :
NANCY SALZMAN and KRISTIN KEEFFE, :
:
                Crossclaim Defendants. :
------------------------------------------------------------------------------------x

3505038.1

## **TABLE OF CONTENTS**

RELEVANT BACKGROUND ............................................................................................................1

ARGUMENT ......................................................................................................................................2

CONCLUSION ...................................................................................................................................5

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*HBE Leasing Corp. v. Frank*,
    61 F.3d 1054 (2d Cir. 1995) .................................................................................................. 6

*One Hundred Pearl Ltd. v. Vantage Sec., Inc.*,
    887 F. Supp. 636 (S.D.N.Y. 1995) ........................................................................................ 6

*TD Bank, N.A. v. Coppolino*,
    2010 WL 11626968 (E.D.N.Y. Sept. 30, 2010) .................................................................... 5

**Other Authorities**

Fed. R. Civ. P. 62(a) .................................................................................................................. 4

N.Y. DEBT. & CREDIT. L. § 273-a ......................................................................................... 5, 6

N.J. Ct. R. 1:28A-2 .................................................................................................................... 4

N.J. Ct. R. 6:7-1 ......................................................................................................................... 4

Crossclaim plaintiff Interfor, Inc. ("Interfor") respectfully submits the following memorandum of law in opposition to the motion (D.E. 867) by the law firm Tompkins, McGuire, Wachenfeld & Barry, LLP ("Tompkins McGuire"), local counsel for crossclaim defendant NXIVM Corporation ("NXIVM") in the above-referenced action, to withdraw as counsel and to apply funds to outstanding bills. Interfor opposes that portion of Tompkins McGuire's motion concerning its request to apply funds to outstanding bills and takes no position on the request for permission to withdraw as counsel.

## RELEVANT BACKGROUND

Following this Court's August 26, 2019 judgment and order in favor of Interfor on its contractual indemnity claim (which did not yet include prejudgment interest and other damages) (the "Initial Judgment"), Tompkins McGuire moved on September 13, 2019 for authorization to transfer $50,000 held by Tompkins McGuire on NXIVM's behalf in an IOLTA trust account (the "NXIVM Funds") to the firm's own account in purported satisfaction of unpaid fees (the "First Motion"). (D.E. 847.) Interfor opposed this motion because the NXVIM Funds are NXIVM property, and as such are subject to enforcement actions by Interfor in satisfaction of the Initial Judgment and any subsequently amended judgment. Interfor also opposed the First Motion because the funds appeared to have been transferred for unspecified future services while NXIVM was a crossclaim defendant in this case, making the transfer subject to recovery as a constructive fraudulent conveyance under New York law.

On October 2, 2019, the Court held a telephonic hearing on the First Motion and denied it from the bench. A text order to that effect was entered on the docket that same day. (D.E. 858.) Subsequently, on March 9, 2020, the Court entered a judgment and order amending the Initial Judgment, awarding Interfor $2,774,862.12, consisting of $l,685,357.99 in damages and $1,089,504.13 in non-compounding 9% prejudgment interest (the "Amended Judgment").

3505038.1

Notwithstanding the absence of any circumstances requiring that the Court revisit this question, Tompkins McGuire now asks again that the Court authorize transfer of the NXIVM Funds to the firm's own operating account. For the reasons set forth below, Interfor respectfully requests that the Court again deny the motion and continue to decline to authorize any transfers of NXIVM property to anyone other than Interfor as judgment creditor.

## ARGUMENT

While the Amended Judgment remains unsatisfied, Tompkins McGuire asks the Court to authorize the transfer of the NXIVM Funds to the firm in partial satisfaction of its final bill in this matter, for $241,000. (D.E. 867-1 ¶¶ 21-23.) This is identical to a request made by Tompkins McGuire in the First Motion, which this Court denied, at a time when the now-superseded Initial Judgment was outstanding. (D.E. 847-1 ¶¶ 11-12.) For so long as the Amended Judgment remains outstanding, and for the reasons described below, Interfor opposes Tompkins McGuire's request.

*First*, funds held by a firm in an IOLTA trust account, such as the NXIVM Funds, are the property of the client, not the attorneys, and are to be held separately from the firm's own operating funds. *See* N.J. Ct. R. 1:28A-2 (noting that funds placed into an IOLTA trust account are the "clients' funds"). As such, the NXIVM Funds are NXIVM property and will be subject to enforcement efforts by Interfor, such as by levy or attachment.[1] *See* N.J. Ct. R. 6:7-1. The Court should not permit transfers of NXIVM property to Tompkins McGuire while there remains a federal court judgment in favor of Interfor outstanding against NXIVM. Such an order would

---

[1] Pursuant to Fed. R. Civ. P. 62(a), "execution on a judgment and proceedings to enforce it are stayed for 30 days after its entry, unless the court orders otherwise." The Amended Judgment was entered on March 9, 2020. The 30-day stay expires on April 8, 2020.

expressly undermine the Court's own Amended Judgment by making its satisfaction that much more difficult.

*Second*, according to Tompkins McGuire's own submission, the NXIVM Funds in question were "placed in an IOLTA trust account on March 26, 2008, with the expectation that the $50,000 would be applied towards the firm's final bill in this matter." (English Decl. [D.E. 867-1] ¶ 21.) As such, the transfer by NXIVM to Tompkins McGuire bears all the hallmarks of a voidable transfer under Section 273-a of the New York Debtor and Creditor Law,[2] which provides as follows:

> Every conveyance made without fair consideration when the person making it is a defendant in an action for money damages or a judgment in such an action has been docketed against him, is fraudulent as to the plaintiff in that action without regard to the actual intent of the defendant if, after final judgment for the plaintiff, the defendant fails to satisfy the judgment.

N.Y. DEBT. & CRED. LAW § 273-a (McKinney). Accordingly, to the extent necessary, Interfor will have the right to have the conveyance set aside, annulled, or disregarded to satisfy the Amended Judgment. *Id.* § 278.

"A plaintiff seeking to prevail on a claim under [Section 273-a] must establish three elements: the conveyance was made without fair consideration; at the time of transfer, the transferor was a defendant in an action for money damages or a judgment in such action had been docketed against him; and a final judgment has been rendered against the transferor that remains unsatisfied." *TD Bank, N.A. v. Coppolino*, 2010 WL 11626968, at *4 (E.D.N.Y. Sept. 30, 2010). Each of those elements is met here.

---

[2] Interfor has the option of registering its judgment in New York and commencing enforcement proceedings in the state where NXIVM is principally located.

Tompkins McGuire's submission establishes that the transfer was made "without fair consideration" because it was a payment for unspecified future legal services. (English Decl. [D.E. 867-1] ¶ 21 (noting that NXIVM Funds were transferred to the IOLTA trust account in March 2008 to be "applied towards the firm's final bill in this matter").) It is well settled under New York law that "promises to provide future services are insufficient to serve as adequate consideration under New York's Debtor and Creditor Law." *One Hundred Pearl Ltd. v. Vantage Sec., Inc.*, 887 F. Supp. 636, 640 (S.D.N.Y. 1995) (citing cases); *accord HBE Leasing Corp. v. Frank*, 61 F.3d 1054, 1060 (2d Cir. 1995) (bonds transferred to attorneys to secure payment of future legal fees set aside under Section 273-a). Even if it were true that, *subsequent* to the deposit of the NXIVM Funds in the trust account, Tompkins McGuire performed legal services for NXIVM and has not since been paid for some portion of those services, it would not change the essential character of the $50,000 transfer at the time it was made as one for unspecified future legal services. *HBE Leasing*, 61 F.3d at 1061 (only unpaid fees for services performed *before* the conveyance at issue qualify as "antecedent debt").

Moreover, at the time the NXIVM Funds were deposited in the IOLTA account, NXIVM was a crossclaim defendant in this case, and NXIVM has not satisfied the judgment. Accordingly, transfer of the NXIVM Funds to Tompkins McGuire's own account would be a voidable transfer pursuant to Section 273-a.

In light of the above, Interfor respectfully requests that the Court not involve itself in pre-authorizing transfers of client funds to law firms in this case, much less payments that might be voidable. The Court can and should continue to decline to authorize the transfer of any NXIVM property held in trust by NXIVM's attorneys as payment for future legal services until NXIVM has satisfied the Amended Judgment.

## **CONCLUSION**

For the foregoing reasons, the portion of Tompkins McGuire's motion concerning its request to apply funds to outstanding bills should be denied.

Dated:   Newark, New Jersey
         March 23, 2020

                                                FRIEDMAN KAPLAN SEILER &
                                                  ADELMAN LLP


                                                s/ Robert J. Lack
                                                Robert J. Lack
                                                Andrew M. Englander
                                                One Gateway Center, 25th Floor
                                                Newark, NJ 07102-5311
                                                (973) 877-6400

                                                *Attorneys for Crossclaim Plaintiff Interfor, Inc*