**TOMPKINS, McGUIRE, WACHENFELD & BARRY, LLP**

*Counselors at Law*
3 BECKER FARM ROAD, SUITE 402
ROSELAND, NEW JERSEY 07068-1726
Roseland (973) 622-3000
New York (212) 714-1720

| | | |
|---|---|---|
| Matthew P. O'Malley<br>Partner | FAX (973) 623-7780<br>www.tompkinsmcguire.com | Direct Line (973) 623-7791<br>momalley@tompkinsmcguire.com |

**VIA ECF AND UPS GROUND**

November 22, 2021

Hon. Katharine S. Hayden, U.S.D.J.
United States District Court
Frank R. Lautenberg P.O. & Courthouse
2 Federal Square, Courtroom PO 05
Newark, New Jersey 07101

RE: *NXIVM Corporation, et al. v. The Ross Institute, et al.*
Civil Action No. **06-cv-1051** (KSH/CLW)

Dear Judge Hayden:

Please accept this letter opposition of Tompkins, McGuire, Wachenfeld & Barry, LLP ("TMWB" or the "firm") to crossclaim plaintiff Interfor, Inc.'s ("Interfor's") appeal from the October 26, 2021 Letter Order of Magistrate Judge Cathy L. Waldor (the "Letter Order").

The disposition of $50,000 deposited with this firm in March 2008 has been the subject of three prior motions. Interfor, as a judgment creditor of TMWB's former client NXIVM Corp. (D.E. 866), has repeatedly claimed entitlement to that $50,000. On January 31, 2021, Interfor requested that the Clerk of Court issue a Writ of Execution identifying the property subject to execution as "$50,000 in

IOLTA Attorney Trust Account" and listing that property's location at TMWB's Roseland, New Jersey office. TMWB moved to quash Interfor's Writ, contending in part that the Writ was defective in the information provided therein. Specifically, the firm argued, and the Magistrate agreed, that Interfor's Writ improperly identified the property as located at the firm's Roseland office, as contrasted with where it is actually held, in a bank. While Interfor contended "without citation" that "the proper and more efficient course is to serve a writ of execution on the law firm, and not the bank," the Magistrate observed that "[w]hile Interfor may find that process to be inefficient, that does not entitle it to substitute a process of its own making." (D.E. 889, p.5)

Interfor now appeals to the District Court under *L. Civ. R.* 72.1(c)(1)(A).

## **INTERFOR CANNOT SATISFY THE APPLICABLE STANDARD**

District judges justifiably afford substantial deference to the decisions of their magistrates. That deference is reflected in the high standard of review, whereby a magistrate will be overturned only when their ruling is "clearly erroneous or contrary to law." *L. Civ. R.* 72.1(c)(1)(A). Interfor cannot satisfy that demanding standard.

Page 3

While Interfor has, recently, apparently successfully petitioned for another Writ to be issued (*see* D.E. 892,[1]) – perhaps a tacit recognition of their infirmities attendant to their prior Writ – Interfor has also elected to pursue this appeal, without providing any evidence that the Letter Order was "clearly erroneous or contrary to law." There is no reasonable dispute that the $50,000 is not located at TMWB's Roseland office. Interfor cited no relevant caselaw allowing it to conduct the end-run that the Letter Order rejected – *i.e.* identifying and serving the firm instead of a depository bank. *Cf. Sylvan Equip. Rental Corp. v. C. Washington & Sons, Inc.*, 292 N.J. Super. 568, 573-74 (Law Div. 1995) ("Once the levy is made **on a bank account**, within the one year period, the funds levied are technically no longer the bank's or the debtor's to control. They are under the dominion of a court officer." (emphasis added)).

Interfor also takes issue with the Letter Order's observation that "it is unclear if some or all of that money may already be subject to forfeiture to the Government" due to one or more prior criminal forfeiture Orders. (D.E. 889, pp. 5-6) The Magistrate noted in closing her Letter Opinion that "the Court cannot make any

---

[1] Attempts by the undersigned to view D.E. 892 via PACER/CM/ECF result in the message "You do not have permission to view this document." Presumably the new request does not suffer from the same defect as that which precipitated the prior Writ.

determinations regarding those funds [deposited in TMWB's trust account] until the parties have fully addressed these issues." (*Id.* p. 6)

Importantly, however, the Magistrate did not rely on the potential for criminal forfeiture in holding Interfor's Writ to be defective. Insofar as the defective Writ was validly quashed in the Letter Order, there is no present basis for the Court to Order disposition of the subject funds, and the potential forfeiture issue identified by the Magistrate and complained about in Interfor's appeal is therefore not yet squarely before the Court.

## CONCLUSION

For all of the foregoing reasons, Interfor's appeal of the Letter Order should be denied.

Respectfully submitted,

*[signature]*

Matthew P. O'Malley
On behalf of TOMPKINS, McGUIRE, WACHENFELD & BARRY, LLP

*Encl.*