**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NXIVM CORPORATION, formerly known as EXECUTIVE SUCCESS PROGRAMS, INC. and FIRST PRINCIPLES, INC., <br><br> *Plaintiffs*, <br><br> v. <br><br> MORRIS SUTTON, ROCHELLE SUTTON, THE ROSS INITUTE, RICK ROSS a/k/a "RICKY" ROSS, STEPHANIE FRANCO, PAUL MARTIN, Ph.D. and WELLSPRING RETREAT, INC., <br><br> *Defendants*. | Civil No. 06-1051 (KSH) (CLW) <br><br><br><br><br><br> **OPINION** |
| RICK ROSS, <br><br> *Counterclaim-Plaintiff*, <br><br> v. <br><br> KEITH RANIERE, NANCY SALZMAN, KRISTIN KEEFFE, INTERFOR, INC., JUVAL AVIV, JANE DOE, and JOHN DOES 1-10, <br><br> *Counterclaim-Defendants*. | |
| INTERFOR, INC. and JUVAL AVIV, <br><br> *Crossclaimants*, <br><br> v. <br><br> NXIVM CORPORATION, KEITH RANIERE, NANCY SALZMAN and KRISTIN KEEFFE, <br><br> *Crossclaim Defendants*. | |

**Katharine S. Hayden, U.S.D.J.**

**I.     Introduction**

This matter comes before the Court on the appeal (D.E. 890) filed by cross-claim plaintiff Interfor, Inc. ("Interfor") from the order (D.E. 889) of Magistrate Judge Cathy L. Waldor granting Tompkins, McGuire, Wachenfeld & Barry LLP's ("Tompkins McGuire") motion to quash a writ of execution on a $50,000 retainer fee held in an IOLTA trust account, and denying without prejudice Interfor's cross-motion to enforce.  For the reasons set forth below, Judge Waldor's order is affirmed.

**II.    Background**

The facts relevant to Interfor's appeal are as follows.[1]  In March 2008, plaintiffs NXIVM Corporation ("NXIVM") and First Principles, Inc. ("First Principles") and counter-claim defendant Nancy Salzman ("Salzman") retained Tompkins McGuire to represent them in this matter and gave the firm a $50,000 retainer payment, which it placed in an IOLTA trust account. (*See* D.E. 867-1, 3/13/20 English Decl. ¶¶ 1, 21.)  Following a bench trial on Interfor's contractual indemnification claim, this Court entered an amended judgment in favor of Interfor and against NXIVM in the amount of $2,774,862.12.  (*See* D.E. 866.)

On March 13, 2020, Tompkins McGuire moved to withdraw as counsel for NXIVM, First Principles, and Salzman and included an application for leave to apply the $50,000 in its IOLTA account to past-due legal fees totaling $241,231.73.[2]  (3/13/20 English Decl. ¶ 10.)  In a

---

[1] A detailed recitation of this matter's underlying facts and procedural history is set forth in the Court's August 26, 2019 opinion outlining its findings of fact and conclusions of law on Interfor's contractual indemnification claim.  (*See* D.E. 841.)

[2] Tompkins McGuire first moved to withdraw as counsel on September 13, 2019, which Judge Waldor denied following a telephone conference with the parties.  (D.E. 847, 858.)

2

letter order dated December 21, 2020, Judge Waldor granted the firm's motion to withdraw as counsel but denied without prejudice its motion to apply funds on jurisdictional grounds, declining to "express any opinion as to the merits" of the parties' claims to the $50,000. (D.E. 878.)

The Clerk of the Court proceeded to issue a writ of execution at Interfor's request, which listed "$50,000 in IOLTA Attorney Trust Account" as the property description, and Tompkins McGuire's office in Roseland, New Jersey as the property location. (*See* D.E. 879; *see also* D.E. 881-2, 3/26/21 English Decl., Ex. A.) After being served with the writ on March 16, 2021 (*see* D.E. 880), Tompkins McGuire moved (D.E. 881) to quash and reasserted its claim to the funds in its trust account.[3] Interfor cross-moved (D.E. 883) for enforcement.

On October 26, 2021, Judge Waldor issued a letter order (D.E. 889) granting Tompkins McGuire's motion to quash the writ and denying Interfor's cross-motion to enforce. While Judge Waldor recognized potential defects with the writ itself—more specifically, that it listed Tompkins McGuire's Roseland, New Jersey office as the "property location," and not the bank at which the IOLTA account is located—her decision focused predominantly on the parties' failure to "sufficiently demonstrate[] an entitlement to the funds in question." (*Id.* at 3.) For example, neither party addressed whether any portion of the funds are subject to a forfeiture order in a related criminal matter pending in the Eastern District of New York.[4] Judge Waldor explicitly referenced a forfeiture order concerning Salzman, which "included the forfeiture of [First

---

[3] In renewing its motion to apply funds, Tompkins McGuire argued that any jurisdictional concerns associated with its initial motion were abated when the Court signed the writ. Judge Waldor denied the renewed motion in her letter order, and that denial has not been appealed. (*See* D.E. 890-1, Mov. Br. at 4, n. 1.)

[4] The criminal matter is *U.S.A. v. Raniere, et al.*, 18-cr-204 (NGG) (VMS) (E.D.N.Y 2018).

Principles]," and noted that if any portion of the $50,000 retainer was attributable to First Principles, "that money may have been forfeited to the [g]overnment." (*Id.* at 6.) In light of the ambiguities in the motion record, Judge Waldor found that she could not "make any determinations regarding th[e] funds until the parties . . . fully addressed these issues." (*Id.*)

Interfor now appeals (D.E. 890) from that order, and Tompkins McGuire has opposed (D.E. 893).

**III.   Discussion**

    **a. Standard of Review**

On appeal from a magistrate judge's ruling on non-dispositive matters, the district court must determine whether the order is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a) (district judge to "modify or set aside any part of the order that is clearly erroneous or is contrary to law"); L. Civ. R. 72.1(a)(1), (c)(1)(A) (same). Findings of fact are reviewed for clear error and matters of law are reviewed *de novo*. *See EEOC v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017).

A magistrate judge's finding is clearly erroneous if, "although there may be some evidence to support it, the reviewing court, after considering the entirety of the evidence, is left with the definite and firm conviction that a mistake has been committed." *Wag Acquisition, LLC v. Gattyán Grp.*, 2020 WL 5105194, at *2 (D.N.J. Aug. 31, 2020) (McNulty, J.) (citation and internal quotation marks omitted); *accord Bobian v. CSA Czech Airlines*, 222 F. Supp. 2d 598, 601 (D.N.J. 2002). The ruling is "contrary to law" if the magistrate judge "has misinterpreted or misapplied applicable law." *Wag Acquisition*, 2020 WL 5105194, at *2 (citation and internal quotation marks omitted). The burden is on the appellant to show that the decision was clearly erroneous or contrary to law. *Id.*

### b. Analysis

Interfor takes issue with two aspects of Judge Waldor's order: (i) her finding that the writ of execution was deficient on its face; and (ii) her "*sua sponte*" observation that the funds at issue may be subject to forfeiture. Neither of these purported issues constitutes clear error.

As to the propriety of the writ, Judge Waldor explained in her order that she was "inclined to agree" with Tompkins McGuire's argument that the writ was deficient for listing the firm's Roseland, New Jersey office as the location of the funds, and not the bank that holds the account. (Order at 4.) Because Interfor acknowledged that the account was not located at the firm's office—and because it offered no citation to support its position that "the proper and more efficient course is to serve a writ of execution on the law firm, and not the bank"—Judge Waldor held that she could not enforce the writ as executed, reasoning that Interfor could not "substitute a process of its own making," regardless of how efficient that process may be. (*Id.* at 4-5.) Interfor now takes issue with that holding on grounds that the order does not cite any "case, statute, secondary source, or other legal authority . . . in support" (Mov. Br. at 6), but cites no authority in its moving brief that would support a holding to the contrary.[5] Absent the existence of such controlling law, the Court cannot find that Judge Waldor's order was "contrary to law." *See*, *e.g.*, *Mondis Tech. Ltd. v. LG Elecs., Inc.*, 2017 WL 5495523, at *2 (D.N.J. Nov. 15, 2017) (Chesler, J.) (upholding magistrate judge's opinion and order where plaintiff "cite[d] no authority for [its] proposition" that court erred in rendering decision). To the extent the relevant

---

[5] In addition to a general citation to N.J. Ct. R. 4:59-1, *et seq.*, Interfor cites N.J. Ct. R. 1:21-6, which discusses IOLTA trust accounts but not service of writs of execution, and N.J. Ct. R. 1:28A-2(a)(1), which provides that individual client funds held in IOLTA trust accounts are "subject to withdrawal on request and without delay" by the account holder. (*See* Mov. Br. at 7-8.)

law governing writs of execution is ambiguous, Judge Waldor's refusal to compel enforcement of a potentially-deficient writ demonstrates sound restraint, not clear error.[6]

Interfor's argument regarding Judge Waldor's "*sua sponte*" forfeiture observations fares no better. Putting aside the fact that Interfor has again failed to present any supportive authority, the Court finds that its argument only illuminates Judge Waldor's thoughtful restraint in ruling on the motions. In her letter order, Judge Waldor rightly acknowledged that she could not compel enforcement of the writ absent a sufficient showing of the parties' entitlement to the funds in question. She then articulated what she viewed as ambiguities in the motion record—including whether the funds are subject to forfeiture orders—and denied Interfor's cross-motion without prejudice, thereby allowing Interfor to file another motion to enforce if "the parties [] fully address[] the[] issues" raised in her order. (Order at 6.) If, as Interfor claims, the funds "are not subject to forfeiture" (Mov. Br. at 9), it can introduce arguments and documentary evidence to that effect at the appropriate time. Accordingly, the Court disagrees with Interfor's argument that Judge Waldor clearly erred in her ruling, and instead finds that the order strikes an appropriate balance.

## IV.  Conclusion

The Court has carefully considered Interfor's arguments and finds they are without merit for the foregoing reasons. Its appeal (D.E. 890) is denied and Judge Waldor's order (D.E. 889) is affirmed. An appropriate order will issue.

Date: April 13, 2022

/s/ Katharine S. Hayden  
Katharine S. Hayden, U.S.D.J.

---

[6] Interfor petitioned for the issuance of a second writ on TD Bank, N.A., which holds the IOLTA account at issue. (D.E. 892.) That writ was returned executed on November 24, 2021. (D.E. 894.).